MERRILL, COWLES & Co., Appellants, vs. S. W. SHAW & BROTHER, Respondents.

This cause was commenced in the District Court of Ramsey County, to recover the amount of a promissory note made by the Defendants below, for $1296.60.

The answer of the Defendants set forth that the District Court had no jurisdiction of the persons of the Defendants, because neither the Plaintiffs or Defendants, or either of them, resided in Ramsey County at the time the suit was commenced, and had no property in that County liable to attachment, and that the summons was served upon one of the Defendants in Benton County, where he then resided.

And deny that the said note was due, because the Plaintiffs had, for a valuable consideration, extended the time for the payment thereof, of which extension, the Defendants allege, "they had the written acknowledgment of said Plaintiffs."

The latter portion of the Answer was, upon motion, stricken out.

Afterwards, the Plaintiffs demurred to that portion of the Answer which set up the want of jurisdiction of the Court, upon the following grounds:

Because it was not necessary that the Plaintiffs should reside in the County of Ramsey in order to give the Court jurisdiction over their persons.

Because the Defendants had appeared in the cause and answered the Complaint, and thereby waived any objection which might exist to the jurisdiction of the Court.

And because the summons in the action could be served upon the Defendants in any County in the Territory.

The Demurrer was overruled by the District Court, and it was there held that the appearance and answer on the part of the Defendants was not a waiver of the objections to the jurisdiction of the Court, and that the cause should have been

commenced in the County where the parties, or one of them, resided at the time the action was brought.

The Plaintiffs appealed to the Supreme Court from the order of the District Court overruling the Demurrer.

Specifications of Points and Authorities submitted on behalf of Appellants :

*First.* That the Court erred in overruling the Demurrer of the Plaintiffs to the answer of the Defendants.

*Second.* That the Defendants answered.

*Third.* That the Defendants appeared to the action.

*Fourth.* That the appearance of the Defendants brought them into Court and cured any defect (if any) in the issuing of summons or in the service thereof, and dispensed with any further process or notice in service thereof.

*Fifth.* That the summons in this action was sufficient.

*Sixth.* That the service thereof was sufficient.

*Seventh.* That the Court had jurisdiction.

*Eighth.* That non-residence of the Defendants in the County of Ramsey where the action was commenced, did not preclude service of the summons in any other County of this Territory, nor exclude the jurisdiction of the Court because the Plaintiffs were non-residents.

*Ninth.* That where there is a defect in the summons or service thereof, the remedy is by motion before appearance, and not otherwise.

*Tenth.* That Section 41, page 334, Revised Statutes, relates to the place of trial and not to the service of summons.

Authorities : *Sections 44 and 45, page 334, Revised Statutes. Section 48 ibid. 335. Section 50 ibid. 335. Section 55 ibid. 336. Sections 39, 40, 41, 42 and 43, page 334. Section 26 of amendments to the Revised Statutes. Amendments to Revised Code, page 14. Section 146, p. 347, R. S. 1 Whittaker's Practice, p. 425. Nones vs. Hope Mutual Life Ins. Co. 5 How. 96, 3 C. R. 161, 18 Barb. 541. Dix vs. Palmer, 5 How. 233, 3 C. R. 214. Flynn vs. the Hudson River R. R. Co., 6 How. 303. Webb vs. Mott, 6 How. 439. Voorhies vs. Scofield, 7 How. 51. Hewitt vs. Howell, 8 How. 346. Beecher vs. James, 2 Scam. 462. Easten vs. Altum, 1 ibid. 250. Vance*

vs. *Funk*, 2 *ibid*. 263.  *Wheelard vs. Bullard*, 6 *Part* 352.  *Moore vs. Phillips*, 8 *ibid*. 467.  *Rose vs. Ford*, 2 *Pike* 26.  *Bennett vs. Stickney*, 17 *Verm*. 531.  *Dunn vs. Tillotson*, 9 *Part*. 272.  *Evans vs. King*, 7 *Miss*. 411 *Maine*.  *Bank vs. Hervey*, 8 *Shep*. 38.  *Griffin vs. Samuel*, 6 *Miss*. 50.  *Bissell vs. Carville*, 6 *Ala*. 503.  *Zion Church vs. St. Peter's Church*, 5 *Walts & Luz*. 215.  1 *Bl. Comm.*, *p*. 60–89.

Points and Authorities submitted on behalf of Respondents :
*First.*  The Court below *had not originally* jurisdiction of the persons of the Defendants or of the subject of the action. *R. S. Min. Ter.*, *page* 334, *Secs*. 41, 42 and 43.  1 *Chitty's Pl.* 270 and 271.

*Second.*  The Court *did not, subsequently to the commencement of the action, acquire* jurisdiction by the appearance or answering of Defendants. *R. S. Min. Ter. page* 337, *Secs*. 61 and 64; *page* 338, *Sec*. 69.  1 *Chitty's Pl.* 284.  12 *Wend*. 51 and 265.  *Voorhies' N. Y. Code*, 2nd *Ed. pages* 104 and 105, *and cases there cited.*  10 *How. Pr. R*. 40.

HOLLINSHEAD & BECKER, Counsel for Appellants.

D. A. SECOMB, Counsel for Respondents.

The Supreme Court reversed the order of the District Court and remitted the cause for further proceedings, but no opinion is to be found among the files.