## HULL vs. VREELAND.

Injuries to the plaintiff's character by a false and malicious charge made by the defendant, under oath, before a grand jury, whereby several matters of special damage occurred, which the plaintiff sets forth, are causes of action which are embraced in the fourth subdivision of section 167 of the code, and may properly be united in a complaint.

Mode of setting forth the words spoken, in a complaint for slander.

In an action for slander, the cause of action is transitory, and the plaintiff can recover damages for such an injury, wherever the defendant can be found. The slanderer does not acquire an immunity by departing from the state where he committed the injury.

APPEAL from an order made at a special term, overruling a demurrer to the complaint. The plaintiff alleged in his complaint, that during the year 1857, and a portion of 1858, he was a resident of Jersey city, in the state of New Jersey, and the defendant was, during said time, and still is, a resident of said city. That the plaintiff first became acquainted with the defendant in the spring of 1857; that, for about a year after that time, the plaintiff had various business transactions with the defendant, and during that time he received from the defendant three promissory notes, made and executed by the defendant, the first for the sum of $125, dated in December, 1857, due at sixty days, which note was given partly for money loaned and partly for goods sold; that the plaintiff passed said note to a third person before maturity, and that the same was not paid at maturity; that soon after said note became due, the defendant gave the plaintiff his promissory note for $128, for the purpose of renewing the first note, above mentioned. That in the spring of 1858, the defendant gave the plaintiff another note, made and executed by the defendant, for the sum of $212, due at four months, and that the plaintiff gave to the defendant, in exchange for the same, his own note for the same amount. And the plaintiff alleged that soon after the defendant gave him the last mentioned note, he, the defendant, at Jersey city aforesaid, in the presence and hearing of divers good and

worthy citizens, at various times during the summer and fall of 1858, falsely and maliciously spoke and declared of and concerning the plaintiff, these false, scandalous and malicious words, that is to say, that he, the plaintiff, had falsely and feloniously forged his, the defendant's, name to the said notes; that he, the plaintiff, had, without the knowledge or consent of the defendant, falsely and feloniously signed his, defendant's, name to said notes; that he, the plaintiff, had falsely and feloniously counterfeited his, defendant's, name to said notes, and that having thus forged and counterfeited said notes, the plaintiff had falsely and feloniously uttered and passed the same to other persons, with intent to injure and defraud the defendant; by means of which false, slanderous and malicious words, the plaintiff has been, and is, greatly injured in his good name and his business, and been brought into public scandal and disgrace with his neighbors and acquaintances.

And for a further and separate cause of action, the plaintiff complained that, soon after the said note of $212, so made and delivered to the plaintiff as aforesaid, became due, the defendant went before the grand jury of Hudson county, in the state of New Jersey, and falsely and maliciously complained before said jury, and stated under oath that the plaintiff had, at Jersey city aforesaid, falsely and feloniously signed his, the defendant's, name to said note of $212 without his, the defendant's, knowledge or consent, and that the plaintiff had falsely and feloniously forged his, the defendant's, name to said notes; that the plaintiff had falsely and feloniously counterfeited the defendant's signature to the same; and that having thus forged, signed and counterfeited the defendant's signature to said notes, the plaintiff had falsely and feloniously uttered the same, and passed the same to a third person, with intent to injure and defraud the defendant. And the plaintiff averred that in consequence of the statements under oath thus made by the defendant, the said grand jury, at a court then in session at the city of Hudson afore-

said, did proceed and indict the plaintiff for the crime of counterfeiting and forging, and uttering and publishing said note of $212. And the plaintiff alleged that at the time such indictment was proved against him, he was a resident of New York, and doing business at 45 Cortlandt street, in said city; that soon after such indictment was proved, the governor of New York issued a warrant, or an order, upon a requisition of the governor of New Jersey, for the arrest of the plaintiff, and his delivery to the Hudson county court, of New Jersey, for his trial on said indictment, and that the plaintiff was, in the month of February, 1859, arrested in the city of New York by virtue of said warrant, or order, of the governor of New York, and conveyed to the jail of Hudson county aforesaid, and then and there locked up in close confinement in the jail of said county; and after an imprisonment of several days, the plaintiff was tried for the forgery aforesaid before a court and jury held in and for the said county, and was upon said trial acquitted by the jury of said charge. And the plaintiff averred that the statement made by the defendant in the presence and hearing of divers good citizens in Jersey city, as above alleged, as to the plaintiff having forged and counterfeited said promissory notes, and also the statements and oath of the defendant before the grand jury of Hudson county, as above stated, charging the plaintiff with having forged and counterfeited said note of $212, were wholly false and malicious; that the defendant well knew at the time he made such slanderous charges, and at the time he made such statement and oath aforesaid, that the signatures to said several notes were genuine, and made by himself and not by the plaintiff. That in consequence of the slanderous charges made by the defendant as above specified, and the false statement and oath made by him before the grand jury, and in consequence of the arrest, imprisonment and trial of the plaintiff as aforesaid, the plaintiff sustained great loss in money paid in defending himself on said trial; that he had been and was greatly injured in his

Hull *v.* Vreeland.

business, in his good name and character, and had been brought into public scandal and disgrace; that the wife of the plaintiff had been rendered insane in consequence of the trouble and disgrace thus brought upon the plaintiff, and in consequence of such insanity, she was, on or about the first day of January, 1860, taken to the insane asylum at Troy, in the state of New York, where she still remains. And the plaintiff alleged that by means of these wrongs and injuries, he had sustained damage to the amount of $10,000, for which sum, with costs, he demanded judgment.

Demurrer for the causes stated in the opinion of the court, which was overruled at the special term, with leave to the defendant to answer, on payment of costs. The defendant appealed to the general term.

*P. Y. Cutler* and *J. Townsend,* for the appellant.

*L. S. Chatfield,* for the respondent.

*By the Court,* LEONARD, P. J. The defendant has demurred to the complaint on three separate grounds: 1. For an improper joinder of two causes of action, one for slander and the other, as the defendant insists, for malicious prosecution. 2. That the facts stated in the complaint do not constitute a cause of action. 3. That this court has not jurisdiction of the subject of the action.

The first cause of action stated in the complaint is unquestionably for slander. The second cause of action is inartificially stated, and, if intended as a count for malicious prosecution, wants one essential averment, viz. that the act complained of was without probable cause. But I think it was not the intention of the pleader to allege "malicious prosecution," in the technical sense.

The second count is for an injury to the plaintiff's character by a false and malicious charge made by the defendant under oath before a grand jury, whereby several matters

Hull *v.* Vreeland.

of special damage occurred, which the plaintiff sets forth. These are causes of action which are embraced in the fourth subdivision of section 167 of the code, and may be properly united in a complaint.

The defendant's counsel also urged at the argument that the complaint does not state the exact words spoken, and is therefore defective. The complaint states that the words therein contained are those which the defendant spoke of and concerning the plaintiff. It is true that the style is rather unusual for a conversation; but I am unable to perceive that the defendant did not use the words in the complaint set forth, exactly as there stated.

The supposed want of jurisdiction arises from the acts complained of having transpired in New Jersey. The cause of action is transitory, and the plaintiff can recover his damages for such an injury wherever the defendant can be found. The slanderer does not acquire an immunity by departing from the state where he committed the injury.

None of the grounds urged against the complaint are well taken.

The order must be affirmed, with costs of the appeal; with leave to answer in twenty days on payment of the costs of the demurrer and of the appeal, to be adjusted by the clerk.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]