# COURT OF APPEALS.

SILAS BOYNTON, respondent, agt. JOHN BOYNTON, appellant.

In an action of *slander*, the plaintiff, as a witness on his own behalf, stated, on cross-examination, that he had had litigation with the defendant. He was then asked how many suits he had had with him, *and for what causes of action ?*

*Held*, that the court below properly excluded so much of the inquiry as related to the causes of action. It was in no way material or pertinent to the issue. Its materiality consisted solely in its bearing upon the credit due to the plaintiff as a witness, and was therefore collateral in its nature. The end of such an inquiry would result in an unlimited examination of the previous litigation, and in attempts to indicate the different positions occupied by the parties engaged in it.

To the question, whether the plaintiff had not previously sued the defendant for slander and recovered only $10:

*Held*, that this was included in that portion of the previous question which the court rejected as improper. That the remarks on that exception was equally applicable to the exception taken to the exclusion of this inquiry.

Where on the trial there is a *variance* between the evidence and the complaint, which the court is authorized to disregard, it will be disregarded unless the defendant proves that he has been misled to his prejudice.

*June Term*, 1869.

APPEAL from a judgment at general term.

T. C. CRONIN and E. D. GILBERT, *for appellant.*
BURDICK & BETTS, *for respondent.*

DANIELS, J.—The plaintiff was sworn and examined as a witness on his own behalf upon the trial of the action, and testified that the defendant had a conversation with him in the month of April, 1860, in which he stated to him that he had not a friend in the place, and that he the defendant would do all he could to injure him; upon his cross-examination, the plaintiff stated he had had litigation with the defendant. He was then asked how many suits he had had with him,

Boynton agt. Boynton.

and for what causes of action. The court excluded so much of the inquiry as related to the causes of action, and the defendant excepted to the ruling.

The evidence proposed to be given by the answer to so much of the question as was excluded was in no way material or pertinent to the issue found between the parties and which formed the subject of the trial. Its materiality consisted solely in its bearing upon the credit due to the plaintiff as a witness, and was, therefore, collateral in its nature. Inquiries of this character must necessarily be limited and restricted in their nature, otherwise the trial of issues upon pleadings would be often so far extended by them as to obscure the real points involved in the controversy, and obscure the minds of the jurors called upon to decide them. The object of such inquiries is to show, that the witness may be giving his testimony under some feeling or impulse inconsistent with an impartial disclosure of the truth. It is not material to inquire after the particular process or the detail of circumstances by means of which that feeling may have been produced. For the fact itself, is all that the case can require to be proved, and all that the law will permit to be shown. The discovery of the motive under which the witness may, at the time, be giving his evidence is the end and object to be attained. And that can always be accomplished by the direct inquiry concerning its existence or concerning the facts themselves, ordinarily indicating the existence of improper motives. It is sufficient to show that difficulty, affecting his feelings and likely to influence his evidence, exists between the witness and the party it may be given against, and that can always be done without pursuing a detailed inquiry into the circumstances attending its development. "Personal controversy may always be shown though the particulars, shall not be inquired into" (2 *Cowen & Hill's* notes, 3d ed., 717 ; *Starks* agt. *People*, 5 *Denio.*, 106, 108). The inquiry after the causes of action involved in the litigation was properly excluded. It was sufficient, for the purposes of the

defendant, that the parties had previously been engaged in litigation. An inquiry into its causes was not only unnecessary, but upon the trial of the issue before the court, it would have proved altogether impracticable. For, in the end, it must have resulted in an unlimited examination of the previous litigation, and in attempts to vindicate the different positions occupied by the parties engaged in it.

The next exception was taken to the exclusion of the question whether the plaintiff had not previously sued the defendant *for slander* and recovered only ten dollars. This was included in that portion of the previous question, which the court rejected as improper, and what has been said in considering the exception to that ruling, is equally applicable to the disposition of the exception taken to the exclusion of this evidence. The slanderous words complained of, imputed the crime of larceny to the plaintiff, in stealing corn. When the defendant was examined as a witness in his own behalf, he was asked why he moved the corn. The plaintiff objected to this question, and the court sustained the objection. An exception was taken to the ruling, and that is now relied upon as error, when the question was asked, there was no view of the controversy presented by the evidence given, rendering it in any possible sense material to the issue. The motive that induced the defendant to move the corn, had nothing whatever to do with the controversy, and the objection to the question was, therefore, properly sustained. After the defendant had entered upon his defense, a motion was made by his counsel, that the evidence of all the plaintiff's witnesses who had testified to the speaking of slanderous words should be stricken out, on the ground that the evidence given by them was not within the issue, or according to the allegations in the complaint, and on the ground of a variance from the allegations. The court struck out the evidence of three of the witnesses, and denied the motion as to the rest, and the defendant excepted. The words alleged in the complaint charged the plaintiff with stealing corn, and the words

proved by the witnesses were, .in substance, the same as those alleged. . There was no such variance between the words alleged and proved as could have misled the defendant to his prejudice. The motion was properly denied, and the exception deserves no further consideration. Evidence was given of slanderous words spoken by the defendant concerning the plaintiff, in the state of Vermont, and this the defendant moved the court to strike out, and excepted to the refusal of the court to so do. There was a variance between this evidence and the complaint, because it was not alleged that the defendant had slandered the plaintiff in the state of Vermont. But the variance was one which the court was authorized to disregard, unless the defendant proved that he had been misled by it to his prejudice in the manner provided by the Code, section 169. No such proof was offered, and consequently, no legal error was committed by disregarding the variance. These words, though uttered in a neighboring state were the proper subject of an action in this state. The cause of action created by them was transitory in its nature, under the rule established before the Code, because the transaction itself was one which might have occurred at any place. It was not a wrong of a local character, and for that reason constituted the proper subject of an action in this state. The rule of practice previously existing in this respect, has not been abrogated by anything contained in the Code of Procedure. That an action may be maintained in the courts of this state for such a cause is too well settled to be now made the subject of a legal controversy (*Rafael* agt. *Vaelst*, 2 *Black*, 1058; *Smith* agt. *Bull*, 17 *Wend.*, 323; *Lister* agt. *Wright*, 2 *Hill*, 320; *Chapman* agt. *Wilber*, 6 *Hill*, 475; *McIvor* agt. *McCabe*, 26 *How.*, 257; *Hull* agt. *Vreeland*, 42 *Barb.*, 543). The defendant also moved to strike out the evidence of the witness McFarland, on the ground that the communication was privileged under the rule depending upon the relation of counsel and client. No such relation. was shown to have existed between the defendant and this

witness as would bring the case within the operation and protection of that rule (*Sibley* agt. *Waffle*, 16 *N. Y.*, 180, 183), and if such a relation had existed the words which the witness testified that the defendant uttered would not have been protected by it, because they did not appear to have been spoken for the purpose of procuring his legal advice upon them, or upon any subject in any manner connected with them.   As no further reasons have been presented for the reversal of the judgment recovered in this case, it should be affirmed.

One of the judges dissented.