LENA DONOHUE, Appellant, *v.* WILLIAM CARROLL, Respondent.

Third Department, September 27, 1917.

**Slander — pleading — complaint — bill of particulars.**

Where, in an action for slander, the only issue raised by the pleadings is in respect to certain words charging the plaintiff with unchastity, the plaintiff should not be required to furnish a bill of particulars as to facts not so alleged as to constitute a cause of action, but merely pleaded by way of inducement or to show motive.

A bill of particulars should not be ordered to compel a plaintiff to state a better cause of action than she has alleged.

APPEAL by the plaintiff, Lena Donohue, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Fulton on the 21st day of April, 1917, directing plaintiff to serve a bill of particulars.

*A. C. Taylor*, for the appellant.

*Eugene D. Scribner*, for the respondent.

WOODWARD, J.:

The amended complaint, in an action for slander, was served on the 26th day of December, 1916. The complaint, after setting out some matters by way of inducement, alleges that at times and places, in the town of Indian Lake, the defendant has sought to injure her in her name and reputation by making allegations against her chastity, but that she is unable to state the exact words spoken, and in the 5th paragraph of the complaint that " thereafter and on or about the 15th day of October, 1916, at said town of Indian Lake, the defendant contriving and maliciously intending to injure this plaintiff in her good name, fame, reputation and credit, and to bring her into public scandal, infamy and disgrace in and amongst her friends and neighbors, and to cause her to be shunned and to be suspected by these friends and neighbors that plaintiff has sexual intercourse with other men than her lawful, wedded husband, in the presence of and to one Isaac Kenwell and other persons on the public street of said town falsely and maliciously spoke of and concerning the plaintiff the following false and defamatory words: ' I have seen you with her (meaning plaintiff) and will tell your wife. I saw you when you got up off her (meaning plaintiff) with your breeches down;' that said words meant and were understood to mean that defendant has seen Isaac Kenwell have sexual intercourse with plaintiff."

The answer of the defendant " denies each, all and every statement and allegation, and the whole thereof in said complaint contained, not hereinafter specifically admitted," and then admits the residence of the parties, and that the defendant had " an argument with one Isaac Kenwell on a certain occasion on or about the 15th day of October, 1916, at the town of Indian Lake, N. Y., in which the defendant said in words or substance, ' I have seen you with her (meaning plaintiff) and I ought to tell your wife,' " and then alleges that " the statement contained in the foregoing paragraph made by the defendant to said Isaac Kenwell was not intended

to mean that said Isaac Kenwell had sexual intercourse with the plaintiff on the occasion referred to."

It is entirely plain that the only issue raised by the pleadings is in respect to the precise words set forth in the 5th paragraph of the complaint; no other part of the complaint sets forth facts sufficient to constitute a cause of action, and the allegations of the complaint down to the said 5th paragraph must be deemed merely as matters of inducement. (*Finnerty* v. *Barker*, 7 N. Y. Leg. Obs. 316; *Hull* v. *Vreeland*, 42 Barb. 543.)

With the pleadings in this condition, and on the twelfth day of January, simultaneously with the answer to the amended complaint, the defendant's attorney made a demand in writing upon the plaintiff's attorney for the " exact date, the exact hour and the exact place where, in the town of Indian Lake, N. Y., the defendant said ' I saw you when you got up off her (meaning plaintiff) with your breeches down,' alleged in the amended complaint herein," and for " the name of the persons in whose presence such alleged statement was made."

On the fifteenth day of January the plaintiff's attorney served a paper upon the defendant's attorney, in which he stated that " this action is brought to recover damages for slander," and that " the exact date, the exact hour and the exact place in the town of Indian Lake, N. Y., where the defendant made the statement concerning the plaintiff as set out in the amended complaint, the particulars of which are asked for in your demand of January 12th, 1917, are the exact date, the exact hour, and the exact place as the rest of said statement which the defendant admits saying in his answer in paragraph III thereof." It is also stated that " the persons in whose presence such statement was made are the same persons in whose presence that part of the statement which defendant admits was made."

Whatever we may think of this particular form of a bill of particulars, it is obvious that the plaintiff in supplying such a bill has limited her proofs to the time and occasion and to the persons who were present when the defendant admits that he made a part of the statement charged to him; she could not claim that it was made at any other time or place or in any other presence, and as this was at a time and place at which

the defendant admits that he was present, it must be obvious that he is in possession of all of the facts which could be known to the plaintiff. It is not disputed that the defendant's attorney received and retained this bill of particulars, making no objection to the sufficiency of the same.

Subsequently, and on the 30th day of January, 1917, the defendant served another demand upon the plaintiff for a bill of particulars, in which he demanded to be informed of the " exact date when and the exact place where, in the town of Indian Lake, N. Y., the defendant said ' That the plaintiff has unlawful intercourse with other men than her lawful, wedded husband,' " and the order here appealed from granted on the refusal of the plaintiff to supply such bill of particulars, orders this information to be given. No allegation is made in the complaint that the defendant said " that the plaintiff has unlawful intercourse with other men than her lawful, wedded husband," and it is obviously improper to order the plaintiff to furnish any such information. It is equally obvious that she could not be compelled to give " the name of the person to whom such statement was made," as she nowhere alleges that any such statement was made. The same may be said of the further provision that the plaintiff should give the " name of the person or persons in whose presence such statement was made."

We have pointed out that the only actionable words contained in the complaint are those to be found in the 5th paragraph, and, as to these, the complaint sets out the exact words charged to be slanderous. The order of the court that plaintiff state the " exact words used by the defendant on each of the occasions referred to," is, in effect, an order to state a cause of action for the plaintiff where she has failed to do so. So long as the plaintiff fails to set forth the precise words or the substance of the very words spoken she has failed to state the facts necessary for a cause of action for slander (*Forsyth* v. *Edmiston*, 2 Abb. Pr. 430; 5 Duer, 653; *Hull* v. *Vreeland*, 42 Barb. 543), and we can see no reason why a bill of particulars should be ordered to compel a plaintiff to state a better cause of action than she has alleged.

The demand that the plaintiff disclose " the point from which the plaintiff started on the 12th day of October, 1916, when

she was walking home across the field back of her home, as set forth in paragraph numbered Fourth of the amended complaint herein," relates to a matter which does not constitute a cause of action for slander, and is so obviously an effort to lead the plaintiff into a trap that it ought not to receive the sanction of this court unless it clearly appears to be necessary to protect some right of the defendant, as it does not. The matter alleged in the 4th paragraph is not alleged to have been false and malicious, or with a view to bringing the plaintiff into disrepute, but is alleged in connection with an alleged effort on the part of the defendant to have carnal knowledge of the plaintiff, and evidently for the purpose of showing motive, but it has no bearing upon the question whether the defendant spoke the words set forth in the 5th paragraph, which constitute the gravamen of the action, and these words are only partially, if in fact, denied by the answer.

The further demand that the plaintiff set forth " the point in the field where the plaintiff and defendant met on the occasion set forth in the amended complaint," relates to the same 4th paragraph, and is open to the same criticism.

The matters set out in the 5th and 6th paragraphs of the order appealed from have already been supplied in the bill of particulars of January fifteenth, and should not be permitted to afford a basis for the present order.

The order appealed from should be reversed, with costs, and the motion for a bill of particulars denied, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for bill of particulars denied, with ten dollars costs.