WEEKS *vs.* LOWERRE.

The deposition of a witness on a former trial between the same parties, who is still living, though in another state, can not be read in evidence.

The declarations of a plaintiff, made to a third person, as to his having done an act forming no part of the transaction which is the subject of the suit between the plaintiff and defendant, are not admissible in evidence as constituting a part of the *res gestæ.*

If illegal testimony be received, and may have had weight with the jury, on a material point in the cause, and a bill of exceptions be taken, the court has no discretion to refuse a new trial.

MOTION by the defendant for a new trial, on a bill of exceptions. The action was for slander, in accusing the plaintiff of stealing a check for $105 drawn by the defendant. On the

trial, John D. Wright, a witness for the plaintiff, testified that on the 2d of May, 1840, he loaned to the plaintiff $105 ; that on the 14th of May thereafter he received a check for $100, and $5 in money. Being shown a check drawn by the plaintiff for $100, the witness testified that it was the check which was paid to him, and the same was then read in evidence in the words and figures following, to wit : " New-York, 5th Mo. 14th, 1840. Cashier of the Greenwich Bank. Pay to A. B. or bearer one hundred dollars. $100. Stephen Weeks." The witness further testified, that the amount of the loan was $105, and upon its being returned $100 in a check and $5 in money or bills, the witness thought the bank account was pretty closely drawn, and witness looking at the plaintiff in an inquiring manner, he gave as a reason why he returned it to him in that way, that he had drawn a check for the precise sum of $105, and had either mislaid or lost it. To this testimony of the plaintiff's declarations the defendant's counsel objected. The judge overruled the objection and the defendant's counsel excepted. The witness further stated that the plaintiff had said he drew said check the day before, and gave as a reason why he did not draw a check for the same amount, that he had been unable to find said check, and did not like to draw one for the like amount until he had heard from the last one. John W. Pirsson, another witness for the plaintiff, testified that he was a clerk in the office of Joseph P. Pirsson in 1841 ; that the latter, as attorney, brought a suit for John M. Lowerre against Stephen Weeks, and that the paper ·produced was a bill of particulars of the plaintiff's demand in that suit. Said bill of particulars was then read in evidence to the jury, and one item therein was in the words and figures following : " To check drawn by defendant, dated May 13, 1840, on the Greenwich Bank, and cashed by plaintiff, $105." Being shown ·the check of the plaintiff for $105, which was proved by John D. Wright, the witness testified that this check so produced was the check which was mentioned in said bill of particulars in the item above stated ; that the bill of particulars is his hand-writing, and is dated August 9, 1841, and was served by witness on Mr. Porter, the attorney

for Mr. Weeks; that Mr. Pirsson was the solicitor for John M. Lowerre in defending a chancery suit brought by Weeks against him. The counsel for the plaintiff next called as a witness Robert B. Livingston, who testified that he was clerk in the office of the clerk in chancery of the first circuit, and that the papers produced by him were original records from the files in said clerk's office. The witness then produced said check of the plaintiff, proved by the witnesses Wright and Pirsson, and the original deposition of John Boyd, taken on the part of the defendant in the chancery suit of Stephen Weeks vs. John M. Lowerre, to prove said check, and the counsel for the plaintiff offered to read said check, and the deposition proving the same, to the jury. To the reading of which in evidence the counsel for the defendant objected, but the circuit judge overruled the objection, and the counsel for the defendant excepted. The said check and deposition were then read in evidence.

The jury found a verdict for the plaintiff for $585 damages and six cents costs.

*E. Sandford,* for the plaintiff.

*Wm. Mulock,* for the defendant.

*By the Court,* MITCHELL, J. The deposition of a witness taken in a chancery suit between the same parties was received in evidence in this suit " to prove a check," already in part proved by another witness. No proof was offered that the witness was dead, absent, or kept out of the way by the defendant; and no exception was taken, that that must first be proved, but the defendant merely excepted to the reading of the deposition. On the argument it was not assumed that the witness was not living; we must assume that he was alive, and for aught that appears in this case, within this state.

In *Powell* v. *Waters,* (17 *John.* 179,) Spencer, Ch. J. says, that " to entitle a party to give in evidence the testimony of a witness on a former trial, it must be shown that the witness is dead; and this was not shown or pretended." In *Wilbur* v.

*Selden,* (6 *Cowen,* 162,) the testimony of Scott, a clerk to a notary, taken in a former trial between the same parties, was received at the circuit; Scott being in another state. For this and another reason a new trial was granted. Savage, Ch. J. says, (p. 164,) that " to render such testimony admissible it must be between the same parties, and the point in issue the same, and the witness must also be dead." He adds, " the witness Scott is not dead; he is absent in the state of Pennsylvania, and possibly upon inquiry there may be found and examined upon commission." And he distinguishes this from the case of an absent subscribing witness to a deed. Nelson, J. in *Crary* v. *Sprague,* (12 *Wend.* 45,) refers to the last case, and says the evidence " will not be allowed unless the witness be dead and *his death affirmatively shown.* Even diligent inquiry without being able to find the witness, is not sufficient, though it is obvious there can scarcely be a shade of difference between the two cases (death and absence) either in principle or hardship."

The case of *Wilbur* v. *Selden,* (6 *Cowen,* 162,) was directly to the point, and was one of the points essential to the decision of the cause. It established the rule that the mere absence of the witness from our state would not make his former testimony admissible.

Judge Cowen, in note 441 to Phillipps' Evidence, admits this to be the rule in our state, although he regards it as too strict. He says that up to 1826 our courts admitted no excuse but death, and that in the last mentioned case the court, on *full consideration* and *solemn argument,* reasserted the principle. It is true, as he shows, and as Mr. Greenleaf in his work on Evidence also shows, (p. 193, &c.) some of the other states have adopted a different rule; yet some have gone so far as to create in us an apprehension that a relaxation of our rule might lead to dangerous results; and it may well be that in those states they were acting in analogy to some statute of their own. In matters of evidence it is important that our own decisions should control us, and that they should not be subject to variation according to the various decisions of other states.

It is said there was other testimony to prove the same fact;

but this testimony may have been that which controlled the jury, and the other testimony was not precise to the point that this check was the one about which the controversy arose. Jewett, J. lays down the rule in *Worrall* v. *Parmelee*, (1 *Comst.* 521,) that there are many cases which hold that an error in the court below, which on its face and by legal necessity could do no injury, is not cause for a reversal of the judgment. But where the error is in the admission of illegal evidence, which *bears in the least degree on the question in issue*, it can not be disregarded. (*People* v. *Wiley*, 3 *Hill*, 194, 214.) So also when the sole question on a bill of exceptions turned on the competency of a witness produced to testify to a fact *fully proved* by *two other* witnesses. The witness being adjudged incompetent, the judgment in the court below was reversed. (*Marquand* v. *Webb*, 16 *John.* 90. *Osgood* v. *Manhattan Co.* 3 *Cowen*, 612.) A different rule may prevail in a case made, which is addressed more to the discretion of the court, than a bill of exceptions. Such are all the cases quoted in *Crary* v. *Sprague*, (12 *Wend.* 47.) That case, it is true, was on a bill of exceptions; but the judge apparently overlooked that fact, for he speaks of it as an application for a *new trial*, (p. 46, 47.) On another ground also his decision may be correct, viz. that from other issues clearly proved, the matter improperly proved became *immaterial.*

Testimony was also received on the part of the plaintiff, of his own declarations made to Mr. Wright when repaying him $105, the amount of a loan made by Wright to the plaintiff. The action was for a slander of the plaintiff, uttered by the defendant: the defendant having stated that he had drawn a check to pay Wright about $103; a customer came in and he threw the check into the desk and went out, leaving the plaintiff there alone, and when he returned the check was gone. And afterwards, when his bank account was settled, that check was returned charged to him. Mr. Wright proved that the plaintiff borrowed of him $105 on 2d May, 1840, and on the 14th of that month repaid it to him in a check of the plaintiff for $100 with $5 in cash. Wright intimated by his manner

that it was strange not to draw the check for the precise amount, and the plaintiff then said that *he* had before drawn a check for the precise sum of $105, and had lost or mislaid it.   Exception was taken to the admission of this answer of the plaintiff.   The object of introducing it seems to have been to show that the defendant had not drawn the check that was lost as he alledged, but that the plaintiff had drawn it and lost it, and leave it to be inferred that the defendant was the one who had misapplied it. This was using the plaintiff's own declarations to make out a very material part of his own case, so far as malice in the defendant was concerned.   It was no part of a transaction between the plaintiff and defendant; nor was it offered merely to show the motives of the plaintiff in such a transaction, so as to be admissible as part of the *res gestæ,* or as forming a continuous part of the transaction in controversy : but it was an attempt to prove that the plaintiff had done an act, by his declaration that he had done it.   That evidence was not admissible under any rule of law allowing declarations as part of the *res gestæ.*

There should be a new trial; the costs to abide the event.

