THE UNION TRUST COMPANY OF NEW YORK, Respondent,
*v.* THE MONTICELLO AND PORT JERVIS RAILWAY COMPANY.

Interest coupons upon the bonds of a railroad corporation received by one who has advanced the money with which they were taken up under an agreement that they were to be delivered to him uncanceled, as security for the advances, as against the corporation, are valid securities in the hands of the holder, and a mortgage upon the corporate property, given to pay the bonds, may be enforced for his benefit.

But as between him and bondholders, who received the amount of their coupons in ignorance of the transaction, and supposing their coupons to have been paid, the latter have the prior equities, and if upon foreclosure and sale of the mortgaged property the sum realized is insufficient to pay the face of the bonds, the holder of the coupons is not entitled to share in the proceeds.

(Argued November 23, 1875; decided November 30, 1875.)

APPEAL of A. F. Smith, from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, overruling exceptions, and confirming the report of a referee.

This action was brought to foreclose a mortgage executed by defendant, The Monticello and Port Jervis Railway Company, to plaintiff, as trustee, to secure the payment of 500 coupon bonds of $1,000 each, with interest. The facts sufficiently appear in the opinion.

*Daniel T. Walden* for the appellants. The lien of interest coupons is not affected by detaching them from the bonds. (*Sewall* v. *Brainerd*, 48 Vt., 364; *Miller* v. *R. and W. R. R. Co.*, 40 id., 399.) The coupons are outstanding obligations whose payment is secured by the mortgage to plaintiffs. (*Champney* v. *Coope*, 34 Barb., 543; 32 N. Y., 551; *Harbeck* v. *Vanderbilt*, 20 N. Y., 398; *Graves* v. *Mumford*, 26 Barb., 94, 101; *Robinson* v. *Leavitt*, 7 N. H., 100; *Moore* v. *Beason*, 44 id., 225; *Hatch* v. *Kimball*, 16 Me., 146; *Holder* v. *Pike*, 24 id., 437; *Hough* v. *De Forrest*, 13 Conn.,

473; *James* v. *Johnson*, 6 J. Ch., 423; *White* v. *Knapp*, 8 Paige, 173; *Miller* v. *R. and W. R. R. Co.*, 40 Vt., 399; *Marvin* v. *Vedder*, 5 Cow., 671, 674–675; *Banta* v. *Garmo*, 1 Sandf. Ch., 383, 385.) The transaction between plaintiffs and Smith was an assignment and not a satisfaction of the mortgage. (*Robinson* v. *Leavitt*, 7 N. H., 100; *Brown* v. *Lapham*, 3 Cush., 554, 555; *Starr* v. *Ellis*, 6 J. Ch., 393, 396; *Harbeck* v. *Vanderbilt*, 20 N. Y., 397; *Miller* v. *R. and W. R. R. Co.*, 40 Vt., 399, 400; *Graves* v. *Mumford*, 26 Barb., 94.) The position of the claimant is like that of an indorsee who has accepted and paid a bill for the honor of the drawer, and he is entitled to the benefit of the mortgage security. ( 1 Hil. on Mort., 171; *Pratt* v. *Cank., etc.*, 10 Vt., 294; *Keyes* v. *Wood*, 21 id., 331; *Belding* v. *Manby*, id., 550; *Jackson* v. *Willard*, 4 J. R., 43; *Johnson* v. *Hart*, 3 J. Cas., 322; *Olds* v. *Cummings*, 31 Ill., 188; *Swartz* v. *Leist*, 13 Ohio [N. S.], 396; *Herring* v. *Woodhull*, 29 Ill., 92.) The agreement that the claimant should hold the coupon as security is sufficient to preserve the lien under the mortgage in his favor, without reference to an assent of the former holder. (*Miller* v. *R. and W. R. R. Co.*, 40 Vt., 399, 407, 408; *White* v. *Knapp*, 8 Paige, 173.) The holder of the coupons is entitled to recover the amount thereof with interest from the time they became due. (*N. Penn. R. R. Co.* v. *Adams*, 54 Penn., 94; Redf. on Railways, 527, *note; Beaver Co.* v. *Armstrong*, 44 Penn., 63; *Gelpcke* v. *Dubuque*, 1 Wall., 206; *Aurora City* v. *West*, 7 id., 82, 105; *V. and C. R. Co.* v. *V. and C. R. Co.*, 34 Vt., 1; *Williams* v. *Sherman*, 7 Wend., 109, 112; 2 Pars. on Bills and Notes, 393.)

*Henry Day* for the respondents. The doctrine of subrogation or substitution is not applicable to the claimant. (34 Barb., 539; *Banta* v. *Garmo*, 1 Sandf. Ch., 384; *Marron* v. *Vedder*, 5 Cow., 671; *James* v. *Morey*, 2 id., 246; *Sandford* v. *McLean*, 3 Paige, 117; *Wilkes* v. *Harper*, 1 N. Y., 587.)

EARL, J. The Monticello and Port Jervis Railway Company issued 500 bonds of $1,000 each, with interest coupons attached, payable quarterly, on the first days of January, April, July and October, and it executed and delivered to the plaintiff a mortgage upon its property to secure the payment of the bonds and coupons. Default having been made by the railway company, the plaintiff commenced a foreclosure of the mortgage; and the premises mortgaged brought, on a sale under the decree, less than the amount of the face of the bonds. A reference was ordered in this action, to a referee, to ascertain, among other things, the holders of the bonds and coupons who were entitled to share in the proceeds. It appeared upon such reference that the railway company being unable to pay the coupons due July 1 and October 1, 1872, and January 1, 1873, one A. F. Smith made an agreement with its president to advance the money to pay the coupons due at the dates mentioned, and to hold the coupons for his security. In pursuance of this agreement, he went to the plaintiff, where the coupons were payable, and left with it the money to pay the coupons when presented, it agreeing with him to take, and deliver them to him uncanceled, that he might hold them as his security for the money advanced. The holders who presented the coupons for payment generally knew nothing of this arrangement, and supposed when they received the money and delivered up the coupons that they were paid. Smith thus took up 1,500 coupons, 500 at each of the dates mentioned, and now claims to share in the funds *pro rata* with the other holders of bonds and coupons. The referee disallowed his claim, and his decision was sustained both at Special and General Terms.

The coupons were secured by the mortgage, and their detachment from the bonds did not deprive the holders of them of the security of the mortgage. That remained security for their payment until paid, whether attached to or detached from the bonds. (*County of Beaver* v. *Armstrong*, 44 Penn., 63; *Miller* v. *R. and W. R. R. Co.*, 40 Vt., 399; *Haven* v.

SICKELS — VOL. XVIII.   40

*Grand Junc. R. R. Co.,* 109 Mass., 88.) Here the holders of the coupons did not agree to assign or transfer them to Smith, and did not in fact do so. When they delivered these coupons to the trust company they supposed they were receiving payment of them, and Smith undoubtedly knew this. He, however, intended to take and hold them, and keep them in being as his security for the money advanced. This he could do as against the railway company; and as against it the mortgage could be enforced for his benefit. It had not paid the coupons, was in no way harmed by their payment by Smith, and he advanced the money for its benefit upon the request of its principal officer. But a different rule applies as between Smith and the bondholders. They had a direct interest in having the coupons paid, so as to preserve the value of their security. They delivered them up to the trust company for payment, and supposed they were paid. If they had known the true state of the case, they might, and probably would, have refused to assign the coupons, and to have them kept in life, and thus, by an accumulation of interest, to have impaired the value of their security. And they could have caused a foreclosure of the mortgage for default in the payment of the interest.

If the creditors who now contest Smith's claim had purchased their bonds in the belief that the coupons had actually been paid, there could be no question that Smith would be estopped as against them from claiming that he took a transfer of them, and that they were still secured by the mortgage (109 Mass., *supra*); and I cannot perceive why, upon the facts presented, their present position is not equally strong.

There are many cases where money is paid upon mortgages and judgments by persons not parties to them, in which, whether the security shall be regarded as extinguished, or held to be in force for the benefit of the party paying, depends upon the intent of the party paying. Equity will keep the securities in life in such cases to promote the ends of justice; but not against any person having a superior equity. (*Harbeck* v. *Vanderbilt,* 20 N. Y., 398; *Robinson* v. *Leavitt,* 7 N.

Hamp., 100 ; *Miller* v. *Rutland and Wash. Railroad Co.*, *supra ; James* v. *Johnson*, 6 J. Ch., 423 ; *Haven* v. *Grand Junction Railroad Co., supra.*)

Here the bondholders did not agree that Smith should take and hold the coupons, and they did not agree that he should have any interest in the mortgage security. To give him the benefit of the security would now be detrimental to them, and as between them and him would be inequitable.

I am therefore of opinion that the case was properly disposed of, and that the order should be affirmed with costs.

All concur.

Order affirmed.