KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
May, 1881.

MATTER OF DEMMERT.

*In the matter of the application for letters of administration on the estate of JOHN DEMMERT, deceased.*

Upon an application for letters of administration, an opposing party, interested under a will claimed to have been destroyed, must not only prove that the will was not legally revoked, but be able to prove the will itself; and this in the same proceeding. The court cannot look into prior proceedings for probate, to find evidence on the subject.

Accordingly, where the applicant for letters of administration swore that decedent died without leaving a will, and those claiming that a will had been made and destroyed adduced no evidence,—*Held,* that the proof, on the part of the applicant, was sufficient under Code Civ. Pro., § 2661, and that his petition should be granted.

APPLICATION for letters of administration, in intestacy. The facts appear sufficiently in the opinion.

FISHER, HURD, & VOLTZ, *for petitioner.*

CHARLES L. LYON, *for Mrs. Schnell.*

THE SURROGATE.—The petitioner swears that the deceased died without leaving a last will and testament. As a matter of fact, the deceased left a will, which was set aside by this court (Demmert *v.* Schnell, 4 *Redf.*, 409).

It being understood that the deceased had made

another will, which had been destroyed, the principal beneficiaries under that will were cited or appeared on this proceeding, but did not claim that the deceased had left a will. It may well be that the deceased's will was destroyed under such circumstances that it was not thereby revoked; but that fact must be proved, before the court can take any notice of it; and it must be proved by evidence given in this very proceeding. The court has no right to look, of its own motion, into the evidence given in the proceedings, to admit the deceased's will to probate, to find proof on the subject, even if such evidence were admissible, which it is not (Powell *v.* Waters, 17 *Johns.*, 176, 177; Wilbur *v.* Selden, 6 *Cow.*, 162; Weeks *v.* Lowerre, 8 *Barb.*, 530).

Not only must the persons interested under the will which was destroyed prove that it was not legally revoked, but they must be able to prove the will itself, before the court can refuse to grant letters of administration on the estate of the deceased; for if the will was legally revoked, or cannot be proved, the deceased must be held to have died intestate.

The petitioner has made the proof required by statute, that the deceased died without leaving a will (*Code*, § 2661), and, in the absence of evidence to the contrary, and of any claim made by any one that the deceased left a will, this application must be granted (Isham *v.* Gibbons, 1 *Bradf.*, 69, 70).

Let a decree be entered accordingly.