By the Court.—Freedman, J.
This action was brought to recover the amount of ten coupons of $50 each, representing the semi-annual interest claimed to be due January 1, 1884, on ten bonds issued by the defendant, dated July 1, 1869, and payable July 1,1889, both coupons and bonds having been made payable at the Bank of America in the city of New York.
Each bond contained the following provision : “ This bond is redeemable by the said county at its option, at any time after ten years from the date thereof.”
The defense is that the defendant exercised said option by taking certain proceedings on July 7,1883, to pay said bonds at the Bank of America on the 1st of August, 1883 ; that the money required to pay said bonds and coupons was furnished to said bank on the 20th of July, *241 1883; and that plaintiff’s assignor had full and timely notice of the exercise of said option.
On said 7th day of July, 1883, plaintiff’s assignor was the owner of the ten bonds referred to, and of the coupons in suit which were then attached to the said bonds. At the same time he was also the owner of certain other coupons which had been detached from the said bonds, but which were similar in terms and had matured on and prior to the 1st day of July 1883, and which represented respectively semi-annual interest on said bonds which had accrued on and prior to said 1st day of July, 1883. These detached coupons had not been paid by the defendant, although they had been presented and demand for their payment had theretofore been made.
After August 1, 1883, plaintiff’s assignor presented the said ten bonds to the Bank of America for payment, but did not present or demand payment for the coupons matured for interest accrued on and before July 1,1883. The bank, under instructions from the defendant, refused to pay the bonds presented for the reason that the coupons for accrued interest upon which the defendant was in default, did not accompany the said bonds and were not at the same time presented for payment.
On December 18, 1883, the defendant authorized the bank to pay coupons for accrued interest although not accompanied by the respective bonds, but at the same time the bank was instructed not to allow interest on such coupons after August 1, 1883.
After January 1, 1884, the coupons in suit, representing the semi-annual interest between July 1, 1883, and January 1, 1884, were detached from the bonds and presented for payment, and payment was refused as to five sixths thereof.
On the 7th of February, 1884, the ten bonds were naid pursuant to a special order of the defendant, without being accompanied by any coupons, and subsequently the coupons for interest accrued on and prior to July 1, *242 1883, were paid, with interest thereon, by defendant’s special direction.
Upon these facts it is clear that if the ten bonds had been paid when presented for payment in August, 1883, the coupons in suit would never have become due and payable.
The question presented by the appeal therefore is, whether the defendant could in August, 1883, refuse payment of the ten bonds on the ground that the coupons of said bonds for interest accrued prior to July 1, 1883, were not presented for payment at the same time, and yet can claim that, in the exercise of its option, it had made a sufficient lawful tender to stop the running of interest from August 1, 1883.
In approaching the determination of this question two propositions may be at once conceded. The first is that the plaintiff as assignee, has no greater or better rights than his assignor would have had, if he had brought the action. The second is, that where a negotiable instrument is payable at a particular time and place, the timely deposit by the party hable thereon of funds for making the payment at the time and place named, is equivalent to a tender of the sum payable, and is a bar to a recovery of interest subsequent to the tender.
But a deposit of this kind and for the purpose named, must not be accompanied by a condition not authorized by the instrument.
This brings up at once the question as to the nature and character of the coupons which had been detached from the bonds, and whether such coupons, by reason of their maturity and the default in the payment thereof, were obligations independent of the bonds in the hands of the holders of the bonds.
• True, the obligation created by each bond was to pay the principal sum and interest thereon, and the coupons represented such interest and were a part of the bond, and they therefore partook of the nature of the bond and were governed by its terms.
*243 But the fact which must never be lost sight of is, that the coupons represented a special mode agreed on by and between the parties for the convenience of any holder of a bond in collecting the interest as it might become due for many years to come. On this subject the Supreme Court of the United States recently held in Clark v. Iowa City, 20 Wall. 583, as follows :
“ Most of the bonds of municipal bodies and private corporations in this country are issued in order to raise funds for works of large extent and cost, and their payment is therefore made at distant periods, not unfrequently beyond a quarter of a century.
“ Coupons for the different instalments of interest are usually attached to these bonds in the expectation that they will be paid as they mature, however distant the period fixed for the payment of the principal. These coupons, when severed from the bonds, are negotiable and pass by delivery. They then cease to be incidents of the bonds, and become in fact independent claims; they do not lose their validity, if for any cause the bonds are cancelled or paid before maturity ; nor their negotiable character, nor their ability to support separate actions, and the amount for which they are issued draws interest from their maturity. They then possess the essential attributes of commercial paper as has been held by this court in repeated instances.
“ Every consideration, therefore, which gives efficacy to the statute of limitations, Avhen applied to actions on bonds after their maturity, equally requires that their limitations should be applied in actions upon the coupons after their maturity. Coupons when severed from the bonds to which they were originally attached are, in legal effect, equivalent to separate bonds for the different instalments of interest. The like action may be brought upon each of them, when they respectively become due, as upon the bond itself, when the principal matures; and to each action—to that upon the bond and to each of those upon the coupons, the same limitations must upon prin *244 ciple apply. All statutes of limitations begin to run when the right of action is complete; and it would be exceptional and illogical to hold that the statute sleeps with respect to claims upon detached coupons, while a complete right of action upon such claims exists in the holder.”
If, therefore, from the nature of the contract between the parties, each coupon, as it matures and is not paid upon demand, ripens into a new and independent obligation of the maker, its independence as a distinct obligation does not rest upon its negotiable character.
True, a coupon may to some extent become an inde.pendent obligation even before maturity when negotiated, by virtue of its negotiable quality, but from this it does not follow that a coupon, the payment of which was refused at maturity, is not an independent obligation in the hands of the holder of the bond who detached it from the bond to which it belongs.
There is nothing in the decisions of City &c. v. Lamsen, 9 Wall. 477, and The Union Trust Co. v. Monticello R. R. Co., 63 N. Y. 311, which conflicts with these views.
In as much therefore as in the case at bar it was part of the original contract that each coupon, as it matured and was not paid on demand, should ripen into a new and distinct obligation, it was the duty of the defendant, in order to reap the benefit of the option reserved in the bonds and to stop the running of interest thereon, to tender payment of the full amount due on each bond irrespective of the question whether coupons detached therefrom for accrued interest, were or were not presented for payment at the same time. Under the circumstances of this case it was none of the business of the defendant to inquire whether the holder of a bond who demanded payment, was not also the owner of another cause of action. The consequence is that, in annexing to the deposit of the funds the condition that no bond should be paid unless it was accompanied by all the coupons for accrued interest, the defendant did not make a sufficient *245 lawful tender to stop the running of interest from August 1, 1883.
For the reasons stated the learned judge below erred in holding that the plaintiff was entitled to recover only the one sixth part of the amount of the coupons sued upon. The plaintiff is entitled to recover the full amount of said coupons.
The judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., concurred.