THE MUTUAL LIFE INSURANCE COMPANY *v.* THOMAS H. ANTHONY, APPELLANT, IMPLEADED WITH HENRY C. ANTHONY AND THE NATIONAL BANK AND LOAN COMPANY, RESPONDENT.

*Reference to ascertain claims and liens upon surplus moneys in a foreclosure action — the general rules of evidence governing courts on the trial of an action apply — they cannot be changed by an order of the court appointing the referee.*

The report of a referee, appointed to ascertain and report the amount due to claimants of surplus moneys in a mortgage foreclosure, and to other persons claiming to have liens thereon, was set aside by an order of the General Term, which also ordered a new hearing of the matters involved before another referee to be appointed by the Special Term. After an order had been made by the Special Term appointing another referee such order was amended so as to allow the claimant, who had been found by the former referee to be entitled to the surplus, to read the testimony of one Thomas H. Anthony, taken on the former hearing before the first referee. The affidavit upon which this order was based tended to show that the witness was out of the State, and that his precise place of residence was unknown to the respondent, but no proof was offered or claim was made that he was dead.

*Held*, that the general rules of evidence which govern courts on the trial of an action apply to a hearing upon such a reference, and that such rules cannot be changed by an order of the court, unless in a case where such authority is specially given or the change relates to some matter which rests in the discretion of the court.

That as it was neither proved or claimed that the witness was dead, the rule in this State was well settled that such evidence was inadmissible.

FOLLETT, J., concurring in the result, upon the ground that the admissibility of the evidence could not be determined by special motion, but should have been left to be determined on the trial.

APPEAL from an order of the Oswego Special Term, entered in the Jefferson county clerk's office, on July 3, 1888, granting a motion made by the respondent for leave to read, on the new trial or rehearing of claims for surplus money arising on a foreclosure of mortgage, the testimony of Thomas H. Anthony, taken on a former trial.

*Elon R. Brown*, for the appellant.

*John Lansing*, for the respondent.

MARTIN, J.:

This was a proceeding to ascertain and report the amount due to a claimant of surplus moneys in a mortgage foreclosure, or to any

other person having a lien thereon, and as to the priority of the several liens. It was referred to and tried before C. D. Adams, Esq., who reported to the court that the respondent was entitled to such surplus. His report was confirmed, and the surplus ordered paid to the respondent. From such order the appellant appealed to the General Term of this court. It was reversed and the report of said referee set aside. It was also ordered that a new hearing of the matters therein involved should be had before another referee, to be appointed by the Special Term. In pursuance of such order Henry E. Turner, Esq., was appointed as such referee. After the granting of the order appointing said last-named referee, the order from which this appeal was taken was granted, which amended the order appointing said referee, so as to allow the respondent to read the testimony of one Thomas H. Anthony, taken on the former hearing before said Adams as referee. The affidavits upon which this order was based, tended to show that said Thomas H. Anthony was out of the State, and that his precise place of residence was unknown to the respondent. There was no proof or claim that he was dead. The appellant claims that the court was not authorized to make the order appealed from ; that on such a proceeding the same rules of evidence are applicable as in the trial of an action, and that the evidence of a witness taken on a former trial is not admissible except in case of the death of the witness whose testimony is offered.

The first question presented is, whether, on a reference of this character, the issues between the several claimants are to be established by the same evidence as though they had arisen upon the pleadings in an action. In other words, whether the general rules of evidence which govern the trial of issues in an action are applicable to and control in such a proceeding. In this proceeding, as we have seen, the court has directed the referee to ascertain and report the amount due the claimant, or any other person, having a lien on such surplus and the priority of the several liens thereon. Thus, a new issue was presented which was in no way involved in any issue that existed between the parties on the trial of the action of foreclosure.

In Van Santvoord's Equity Practice, referring to references of this class, it is said " that all examinations of witnesses before referees are now *viva voce ;* that the course of proceedings on such

examinations is similar in all respects to that pursued on the trial of a cause; that the general rules of evidence which govern the courts of law, as well as of equity, regulate also the proceedings before the referee, and that the practice is the same now as heretofore; that where the court directs an inquiry into a fact, it is in the nature of a new issue joined; and what would be evidence in any other case will be evidence before the referee." (1 Van Santvoord's Eq. Pr., 530.)

In Barbour's Chancery Practice, 493, the rule is laid down as follows: "The general rules of evidence which govern the courts of common law, as well as this court, regulate also the proceedings in the master's office. Where the court directs an inquiry *into* a fact before a master, it is in the nature of a new issue joined; and what would be evidence in any other case would be evidence before the master."

" The right to use the proceedings in the cause as evidence before a master upon a reference before him is subject to the same rules and restrictions as govern the admissibility of similar evidence before the court." (2 Daniels' Ch. Pr. Plead., 1189.)

In *Smith* v. *Althus* (11 Vesey, Jr., 564), in delivering the opinion in that case, Lord Eldon said: " Where the court direct inquiry into a fact, it is in the nature of a new issue joined; and what would be evidence in any other case would be evidence before the master."

The rules that formerly existed relating to the manner of taking the testimony in suits in equity, so far as they differed from those applicable to actions at law, have been abrogated. Now the testimony in equity cases must be taken in the same manner as in actions at law. (N. Y. Const., art. 6, § 8.) We think the general rules of evidence which govern courts on the trial of an action apply to a hearing upon such a reference, and that the established rules of evidence cannot be changed by an order of the court, unless in a case where such authority may be specially given, or the change relates to some matter which rests in the discretion of the court.

The case of *Oakley* v. *Sears* (2 Robt., 440), cannot, we think, be regarded as establishing a contrary doctrine. The most that can be claimed for that case is, that it was held that the testimony of

a party could not be read from a printed case without proof that it was correct. The question now under consideration was neither discussed nor decided.

This leaves for consideration the question whether the evidence given on a former trial of the issues involved on this reference can be read on the second trial before a new referee. If the witness had died since the former trial, then the evidence given on such trial would have been clearly admissible. Such is the provision of the statute (Code Civil Pro., § 830), and to that effect were the decisions in this State cited by the respondent. (See, also, *Bradley* v. *Mirick*, 91 N. Y., 293.) But that is not the case here. In this case it was neither proved nor claimed that the witness was dead, whose testimony was, by the order appealed from, permitted to be read. The most that is claimed is, that he had left the State and cannot be found. The question, then, is, can the former testimony of a witness, who is absent from the State, be properly read on the trial of an action, or on the hearing of a special proceeding.

Whatever may be said as to the strictness of the rule in this State, or as to the rule existing in other commonwealths, the rule in this State seems to be well settled that such evidence is not admissible. (*Wilbur* v. *Selden*, 6 Cow., 161; *Crary* v. *Sprague*, 12 Wend., 45; *Merrill* v. *Ithaca and Owego R. R. Co.*, 16 id., 594; *People* v. *Newman*, 5 Hill, 296; *Weeks* v. *Lowerre*, 8 Barb., 530.)

We think it must be held that the evidence of Thomas H. Anthony, taken on the former trial, is not admissible on the second trial; and that the order amending the former order herein, so as to allow the respondent to read the testimony of said witness, was unwarranted and should be reversed.

Order reversed, with ten dollars costs and printing disbursements.

HARDIN, P. J., concurred.

FOLLETT, J. :

I concur in the result upon the ground that the admissibility of the evidence of Thomas H. Anthony could not be determined by special motion, but should have been left to be determined on the trial. Deposition in civil and criminal cases may now be read if witness is absent from State. (Code of Civil Pro., § 882; 1 Abb.,

PEOPLE ex rel. FULTON v. SUPRS. OF OSWEGO. 105

FOURTH DEPARTMENT, NOVEMBER TERM, 1888.

Pr., 55 ; *Bronner* v. *Frauenthal*, 37 N. Y., 166 ; Code Crim. Pro., §§ 8, 631.) Why may not a like reasonable rule be adopted in civil cases in respect to evidence taken on a former trial?

Order reversed, with ten dollars costs and disbursements.