## GARCIA v. GARCIA.

### (Supreme Court, Special Term, Kings County. June, 1908.)

1. DIVORCE—ABANDONMENT—JUSTIFICATION—EVIDENCE—RELEVANCY.

   In an action for divorce, evidence of alleged misconduct by an abandoned spouse, after abandonment, is irrelevant on the issue of justification for the abandonment.

2. SAME.

   In an action for an absolute divorce on the ground of adultery, defendant counterclaimed for a separation on the ground of abandonment, and plaintiff set up justification as a defense. The jury found for defendant on the issue of adultery, and on the trial of the issue of abandonment plaintiff offered the record of the testimony taken on the adultery issue, relating to defendant's conduct after abandonment, including admissions of defendant, to support his plea of justification. *Held,* that only the admissions of defendant could be considered, and failure to sustain objections to the introduction of the other evidence was error.

3. SAME.

   While there may be cases where the justification for abandonment, based on the misconduct of the complaining party after abandonment, would frustrate a claim for separation, where a husband left his wife without justification, and by the judgment on the verdict of a jury on the issue of adultery the wife's subsequent conduct was held innocent, a separation asked on the wife's counterclaim in an action by the husband for a divorce will not be denied, on the ground of justification, because of her conduct subsequent to her unwarranted abandonment by plaintiff.

Appeal from Justice Court.

Action for divorce by Antonio Garcia against Florinda M. Garcia. Judgment directed for defendant on her counterclaim.

George W. Case, Jr. (Charles I. McBurney, of counsel), for appellant.

House, Grossman & Vorhous (Louis J. Vorhous, of counsel), for respondent.

STAPLETON, J. The plaintiff began an action for absolute divorce. The defendant counterclaimed for a separation, alleging that the plaintiff abandoned her during the year 1900, and ever since refused to provide for her. In plaintiff's reply, he sets up in justification the misconduct of the defendant. On the issue of adultery, a jury has rendered a verdict in favor of the defendant. On the trial of the issues raised by the answer, containing the counterclaim and the reply, the plaintiff admitted the abandonment and failure to provide for the defendant and offered in evidence the record of testimony of several witnesses, including that of defendant, taken upon the trial of the is-

sue of adultery, contending that it showed such a course of conduct on the part of defendant since the abandonment and during the period of nonprovision as justified the plaintiff in his attitude.

The defendant insists that as no evidence of the misconduct of the defendant prior to or contemporaneous with the abandonment was adduced, and as the jury found for her on the issue of adultery alleged to have been subsequently committed, the court must decide for the defendant. The defendant objected to the introduction of the evidence as incompetent, irrelevant, and immaterial. It is irrelevant, and I exclude all except defendant's statement. Chase's Stephen's Digest (2d Ed.) p. 107, art. 32; Weeks v. Lowerre, 8 Barb. 530; Mutual Life Insurance Company v. Anthony, 50 Hun, 101, 4 N. Y. Supp. 501.

The admissions of the defendant on the trial of the framed issues are admissible. Whiton v. Snyder, 88 N. Y. 299, at page 307. They show an indiscreet course of conduct on the part of the defendant after the abandonment; but the jury has declared that she was not guilty of adultery, and the justice who presided at the trial has decided that the verdict was not contrary to the evidence.

The plaintiff did not, under his special defense of justification, prove a fact justifying the abandonment at or before the act, although he alleged many. I am aware that it has been held that:

"It is not necessary, for a defense in an action for separation, that the defendant should establish adultery on the part of the plaintiff. Misconduct that would subject the defendant to humiliation and disgrace in the community, making him an object of popular contempt, would constitute cruelty on the part of the plaintiff, which would forbid the interposition of a court of equity in her behalf." Deisler v. Deisler, 59 App. Div. 207, 69 N. Y. Supp. 326.

Indeed, there may be cases where the justification, based upon the misconduct of the complaining party after the act of abandonment, would frustrate her claim for a separation under section 1765 of the Code of Civil Procedure, and in accordance with elementary principles and familiar maxims of equity jurisprudence. Crow v. Crow, 7 Civ. Proc. R. 423; Doe v. Roe, 23 Hun, 19. In this case, however, the plaintiff, replying to defendant's counterclaim, has chosen to rely in his proof on a course of conduct on the part of the defendant subsequent to an admitted and, for all that appears, an unwarranted abandonment, which conduct has been innocently construed by the constitutionally established tribunal. I would have before me only the same evidence, if I admitted it. I would be required to accept as conclusive the verdict for one purpose in the final decree (section 970, Code of Civil Procedure) and ignore it for another. A judgment for the plaintiff would forever exonerate him from the obligation to support the wife, whom he confessedly abandoned for alleged misconduct which a jury finding necessarily incorporated in the same decree declares to be without merit. In the absence of compelling authority, no conclusion involving such serious consequences should be reached.

I direct judgment of separation forever for the defendant on her counterclaim on the merits.