RIGHTMYER *vs.* RAYMOND & DURHAM.

Where one party takes raw materials belonging to another to work up into manufactured articles on shares, and agrees to give the owner security for his share, payable at a future day, and before doing so disposes of the property, the owner may maintain *trover* for his share of the property, and is not limited to the action of *assumpsit* upon the contract.

In *local actions*, if the *venue* be not laid in the proper county, the defendant may avail himself of the error by *demurrer* if it appear upon the record, or by motion for *nonsuit* at the trial if it does not so appear.

THIS was an action of *trover*, tried at the Madison circuit in September, 1831, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The defendant Raymond, on the 20th November, 1829, entered into a contract to cut and convey to his mill all the white wood logs on a certain lot of land belonging to the plaintiff; to select such as would warrant a price of $6 per 1000 feet, and when the logs were delivered in the mill yard, to pay the plaintiff $3 per 1000 feet in one year from the date of the contract, giving security for the payment. It was further stipulated, that Raymond should take his pay out of the timber at the above estimate, and deliver all the refuse logs at the same price; the value of the half of the same to be subsequently agreed upon. The logs were cut, drawn to the mill of Raymond, and sawed into stuff of various dimensions; and in the spring of 1830, Raymond sold the same to Durham the other defendant. It was proved that the logs were to have been sawed into half inch stuff, but that in fact they were sawed into half inch, three quarters and inch and an half stuff. The plaintiff demanded his share of the lumber or payment, or security for the payment thereof. Raymond alleged that the plaintiff's share of the lumber, after deducting his charges, amounted to only $26,24, and offered security for that sum. The plaintiff claimed $163,50. The demand by the plaintiff was made in the county of *Oneida*. The suit was commenced in 1831. The defendant moved for a nonsuit on the grounds, 1. That the action was *local,* and

that the venue ought to have been laid in the county where the *tort* was committed ; 2. That the remedy of the plaintiff was in *assumpsit* under his contract, and not by an action of *trover ;* and 3. That security having been offered for the amount due, the plaintiff could not sustain his action. The judge ruled that the defendant could not take advantage at the circuit of the error in respect to the venue, but should have applied by motion to this court to change the venue, and that the other grounds were not sufficient to authorize a nonsuit. After some evidence on the part of the defendant, the cause was submitted to the jury, who were charged by the judge that unless Raymond had complied with his contract, there had been no change of the property, and the plaintiff was entitled to sustain his action of trover. The jury found a verdict for the plaintiff for $169,$\frac{93}{100}$, which the defendants now moved to set aside.

· *C. P. Kirkland & B. Davis Noxon,* for the defendants.

*N. P. Randall,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J. There is no good reason for granting a new trial in this case. It is true, that by the *revised statutes,* all actions for injuries to personal property were made *local ;* that is, they were required to be tried in the county where the cause of action arose. It is stated by Mr. *Chitty,* that in local actions in the superior courts, the only modes of objecting to the venue is by demurrer, or at the trial as a ground of nonsuit. If the objection appear on the record, a demurrer is proper ; if it does not so appear, the defendant may avail himself of it on the trial as a ground of nonsuit. 1 Chitty's Pl. 284. When this cause was tried, the defendants were entitled to a nonsuit on that ground ; but since the trial, the legislature, by the act of the 20th April, 1833, have said that actions on the case for injuries to personal property shall be tried in the county where the venue is laid. *Trover* is now a transitory action. If a new trial be granted, this cause may be tried in the county where the venue is now laid ; and if it be granted, it must be with costs to abide the

event. I do not therefore perceive, as far as that objection goes, that it will be of any service to grant a new trial.

The jury by their verdict have settled all the questions of fact as to the mode of sawing the logs, and the principles upon which the plaintiff's damages should be estimated; and there can be no doubt of the law as the judge stated it to the jury. The plaintiff had not parted with his interest in the lumber by its being sawed into boards and plank, and the defendant Raymond had no right to take the plaintiff's share until he had complied with his contract, by giving security for the amount of its value. The offer of security which was made amounted to nothing, so long as the sum was insufficient.

New trial denied.