By the Court,

Cowen, J.
The 2 R. S. 330, 2d ed. provides as follows Sect. 1. That all it sues of fact joined in the supreme court, or sent there, &c., shall be tried at a circuit court, &c., in the proper county, unless the court shall order a trial at bar. Sect. 2. Issues shall be tried in the proper county, as follows: 1. Certain enumerated actions concerning real [325] estate, are to be tried in the county where the subject of the action is situated; 2. Actions of trespass for injury to the person, in the county ■where the cause of action arose; 3. Actions of slander, for libels, and all other actions for wrongs, and on contracts, in the county where the venue shall be laid, unless the court shall change the venue; and power is given to the court to change the venue in any of the actions mentioned in section second. Sect. 3. provides, generally, that in suits against officers, &c., required by law to be laid in the county where the fact happened, if it shall hot appear on the trial that the cause of action arose in the county where the venue is laid, judgment of discontinuance shall be rendered, &c. In respect to the latter, the suit is made strictly local by 2 R. S. 277, § 28, 2d ed.
It is supposed by the counsel for the defendant in error, that the statute, so far as it directs where issues shall be tried, inasmuch' as it is qualified with a proviso that the court may in all those case's change the venue, can apply to the supreme court alone. The first section expressly applies to that court, and fixes the cases in which trials are to lie at the circuit or the bar; and although the supreme court is not expressly mentioned in the second section, yet, as the right to change a venue is predicable of that court alone, I can hardly think the act intended to make the actions specified, unqualifiedly and generally local in respect to all courts.
The common pleas have power to try all “ local actions ” arising within their county, and all transitory actions, though not arising there (2 R. S. 135, § I; sub. 1, 2d ed.) This is the same with the statute of 1813, fixing the jurisdiction of that court (2 R. L. 141, 2, § 3), except, that “ local actions ” are substituted for “ actions real, personal and mixed.” There is nothing distinct to be inferred from the comparison. But the words, “ local actions,” may well be satisfied with those which are local by the common law, such as ejectment or trespass, or which are made so by statute, as suits against officers. That will leave the statute locating the trial of issues, to the case of actions, local, as being in the supreme court, subject to a [326] change of venue by that court. In other words, such actions have a locality in respect to the supreme court; other-actions, a general one, in respect to all courts. Such a construction, too, is more convenient, and *185 more consistent with other provisions. Without it, the common pleas would, as to some actions, have a jurisdiction more restricted than that of a single justice. But be this as it may, it seems to me quite evident, that the statute could not have intended to change the law of venue in respect to injuries, beyond our state boundaries. It assumes, that all the actions spoken of, are to be tried in our own courts, and the sole object, is to fix the place of trial by those courts. They are to be tried at the bar or at the circuit, in the county where the cause of action arose, &c., or some other, as the court shall direct. Such language would be altogether short of a county in a foreign state, where our laws could not operate. To take away all remedy in our courts, for an injury which has always been held cognizable here by the common law, would require language much more direct and explicit (Rightmyer v. Raymond, 12 Wendell, 51), was a suit in this court, for a wrong which was done in this state (Cogswell v. Meech, id. 147), was also an action in this court, for an injury done in the state; and, moreover, for a penalty to which our statute has attached an unqualified locality; so that the objection of the injury not having been done in the county of the trial, would be valid in any court. The same remarks apply to Wilkie v. Chadwick (13 Wendell, 49, and the dicta in Elliot v. Krook’s adm’rs, id. 35; see also Graham’s Pr. 194, 5, 2d ed.) On the whole, I feel quite clear, that this action for a foreign injury, is to be regarded as transitory. The consequence, is, that the venue may be laid in any county'. The injury arises everywhere, and anywhere, in contemplation of law. It need not, as insisted, be laid under a scilicet; but was rightfully averred in the declaration, to have been committed at Owego, in the county of Tioga.
The judgment must be affirmed.