| 4 | 63 |
| 119 | 409 |

## HOLMES et al. *v.* BARCLAY et al.

An action will lie in this State for damages done to the property of the plaintiff by a steamer
in another State, though by the laws of the latter the action would be held to be local.
Such an action, under our laws, is a personal action.
An attachment will not lie in an action for damages *ex delicto.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.  C.
M. *Randall*, for the plaintiffs.  *Benjamin* and *Micou*, for the defendants.
The judment of the court was pronounced by .

EUSTIS, C. J.  This is an action against the defendants for damages caused
by their steamer, the Belle Air, during the high flood of the Mississipdi, in
June, 1844, in running into and destroying a brick warehouse and injuring a
steam mill belonging to the plaintiffs, in the town of Chester, State of Illinois.
The District Court gave judgment for the plaintiff for the sum of $3,500, with
interest, and the defendants have appealed.

That the damages to the plaintiffs' property was occasioned by the fault of
those who had charge of the steamer, we think, with the district judge, clearly
results from the evidence; but we are notable to concur with him in his opinion
as to the amount which the defendants are bound to reimburse the plaintiffs. We
have, on several occasions, expressed our opinion on the unsatisfactory charac-
ter of all general estimates of damage resulting from the destruction of build-
ings and other works, without the details being given, which would enable us to
test their accuracy.  In this case the mill has been since repaired, but we have
no evidence of the amount expended for the repairs, and have nothing before
us but declarations of the amount of the damage.  This is certainly not the
best evidence which it was in the power of the plaintiffs to produce of the
amount of the damage sustained by them, and we feel bound to receive it with
great reserve.  The brick building was demolished, and we have evidence be-
fore us which will enable us to fix its value at the time of the accident, in the
summer of 1844.

As we consider the plaintiffs not liable for remote damages, we think the sum
of $1,600 is all they are entitled to recover, under the evidence.

The exception taken by the defendants that the plaintiffs' action could not be
maintained in this State, because under the common law, which prvailes in Illi-
nois, it would be held to be local, and the plaintiffs' remedy be confined to the
county in which the cause of action originated, was properly overruled by the
District Court.  The present action is, under our laws, a personal action, and is
not distinguished from any ordinary civil action as to the place or tribunal in
which it may be brought.

This suit was commenced by attachment, and the judgment of this court is

asked upon a decision of the district judge discharging a rule taken by the defendants in order to have the attachment set aside. We have held that an attachment will not lie in an action for damages *ex delicto*, and the defendants, on their simple motion, could have had the attachment in this case set aside. But the application was made upon certain specific grounds, other than this, as is contended by the counsel for the plaintiffs. One of them was, that the affidavit was insufficient to justify the attachment. At the time of the application the plaintiffs' petition had been filed, which disclosed their cause of action, from which it resulted that no attachment could issue in the cause.

The affidavit was in the words of the statute of 1839 (Acts of 1839, p. 168, § 16) *ipsissimis verbis*. But the cause of action being one upon which no attachment could by law issue, the affidavit cannot be tested by that standard, which regulates cases in which attachments can issue. The cause of action being insufficient to maintain the attachment, the insufficiency of the affidavit to justify the attachment follows of course. The objection is not one of form, but is to the basis of the action. We, therefore, think the court ought not to have discharged the rule, but to have dissolved the attachment.

The defendants having, however, appeared and pleaded to the action, judgment must be rendered against them.

The judgment of the District Court is, therefore, reversed, and it is ordered that the plaintiffs recover from the defendants, *in solido*, the sum of $1,600, with interest thereon from the 28th of March, 1845, at five per cent; that the attachment be dissolved at the cost of the plaintiffs; and that the plaintiffs pay the costs of this appeal, and the defendants the ordinary costs, exclusive of the attachment costs, in the District Court.