## Case No. 11,151.

### PIERCE v. WINSOR et al.

[2 Spr. 35.] [1]

District Court, D. Massachusetts. May, 1861.[2]

SHIPPING — LIABILITY OF CHARTERER TO OWNER —DAMAGE TO CARGO—EXTRA EXPENSES.

1. A charterer of a vessel who puts her up as a general ship is liable to the owner of the ship for damages which the latter has to pay other shippers for injury to their goods caused by goods put on board by the charterer, although the charterer did not know that his goods would do any damage.

2. The charterer is also liable in such a case for the extra expense of getting his goods out of the ship.

The defendants [Nathaniel Winsor and others] chartered of the libellant [Henry A. Pierce] the ship Golden City for a voyage to San Francisco, and then put her up as a general ship. A quantity of mastic was shipped on freight by the United States government from their works at New York to the fort at Fort Point, San Francisco. The mastic was in cakes, and was stowed in bulk in the run. Upon the arrival of the ship out, it was found that the mastic had run together and among the cargo, and had then hardened in one solid mass, adhering to the sides of the ship and to the cargo next to it. The damage done to the rest of the cargo, which was paid by the master on account of the ship, and the extra expense in breaking the mastic out with drills and chisels, amounted to from $1,700 to $2,000. Two other ships, the Dashaway and Fleet Wing, which sailed shortly after the Golden City, also had some mastic shipped in the same way, which arrived out in the same condition. These cargoes, with one other shipped in casks,—after the news of the condition in which the earlier cargoes had arrived out had reached here,—were all the cargoes ever shipped by the United States, or, so far as known by anybody, to San Francisco, or on any long voyage. The article is manufactured by the United States government at New York, and is used on fortifications; and had been repeatedly shipped to the various forts on the Atlantic coast, and in the Gulf, and had always been shipped in bulk, without giving any indications that the heat in the hold of a vessel would, under any circumstances, affect it. This suit was brought by the owner of the ship against the charterers, to recover the damages sustained by him in payment to other shippers for injury to their goods and for the extra expense in discharging. It was not pretended that the defendants had any knowledge of the dangerous character of this article; and so far as any thing was known of the article, it was thought perfectly safe to ship it in this way. The libellant

claimed to recover, upon the ground that there is always an implied contract, on the part of the charterer or general shipper of goods, that the goods shipped shall not be of a character dangerous to the ship and the residue of the cargo; and that the want of knowledge of the true character of the goods will not release such charterer or shipper of the goods from this responsibility.

S. Bartlett and D. Thaxter, for libellant.
A. A. Ranney, for respondents.

SPRAGUE, District Judge. In Brass v. Maitland, 6 El. & Bl. 470, the chief justice evidently took the view that the shipper of goods in a general ship impliedly contracts that the goods shipped shall not be injurious to other goods shipped in the usual course of lading a ship, and that this rule is not affected by the fact that the shipper had innocently shipped dangerous goods without knowledge of their true character. This principle is a sound one. It throws the loss upon the party who generally has the best means of informing himself as to the character of the article shipped. A different rule might encourage negligence on the part of the shipper, and even induce him to try experiments with articles unknown to commerce, if he could set up his ignorance of the real character of the articles as a defence to any damage caused by the shipment. This case is not between the shipper and the shipowner; but the rule applies equally well to the case of a charterer. He hires the whole ship, and has a right to put on board a full cargo, and he must not put on board goods which will injure the ship, and cause her owners to become responsible to other shippers for damage done. Decree for libellant for money paid by him for other goods damaged, and for extra expense incurred in getting out the mastic.

[On appeal to the circuit court this decree was affirmed. Case No. 11,150.]
See Hutchinson v. Guion, 5 C. B. (N. S.) 149; Alston v. Herring, 11 Exch. 822; Farrant v. Barnes, 11 C. B. (N. S.) 553; Ohrloff v. Briscall, L. R. 1 P. C. 231.