DANFORD N. BARNEY, as President of Wells, Fargo & Co., Respondent, v. OTTO BURSTENBINDER, impleaded, &c., Appellant.

(GENERAL TERM, FIRST DEPARTMENT, 1872.)

There is an implied duty on the part of shippers of dangerous goods to give notice of their nature to the carrier, or persons acting for him, in receiving them.

Omission to perform this duty is negligence, and renders the shipper liable for the consequences.

If an agent, in the course of his ordinary employment, ships such goods without notice of their nature, the principal is liable.

The defendant shipped nitro-glycerine to Los Angelos, Cal., by the plaintiff, a carrier, without notice of the nature of the shipment.   The package leaked and was taken by the plaintiff to a warehouse at San Francisco for examination, and, while being opened, exploded, damaging the warehouse and freight stored there.   *Held*, that the defendant was liable for the damages, although the opening of the package was the direct cause of the explosion.

*Held*, further, that although the damages were in part to real estate in California, an action for their recovery was in its nature personal and transitory, and might be brought wherever the defendant could be found and served.

THIS was an appeal from a judgment entered on a verdict and from an order refusing a new trial.

The action was brought by the plaintiff as president of Wells, Fargo & Co., a joint stock association, against the appellant and others, to recover damages for injury to the property of Wells, Fargo & Co. and of others, in their possession, caused by an explosion of a box of nitro-glycerine, delivered to the plaintiffs' company as common carriers, for transportation from New York to Los Angelos, Cal.

The defendant, Burstenbinder, answered, denying the allegation that he delivered the box to the plaintiff's company, or that he authorized its delivery to it, and he averred that the alleged explosion was occasioned solely by the negligence of the plaintiff's company.

The evidence given upon the trial by the plaintiff was con

Barney v. Burstenbinder.

tradicted by the defendant's evidence in essential particulars, but it tended to establish the following facts, viz.: That the nitro-glycerine, contained in glass carboys and boxed, was shipped, by direction of one Deveau, upon the plaintiff's steamer, to one Mills, to whom it had been sold, from New York to Los Ange-los, California. That no notice of the character of the con-tents of the box was given to the plaintiff. On the pass-age the box showed leakage, and it was taken into the ware-house of the plaintiff's company at San Francisco for exami-nation by its employes, where it exploded while being opened, and destroyed property, belonging to the plaintiff's company and to others, of great value.

The plaintiff's evidence was also that the box, in question, one of three which had been consigned to Probst & Co. from Hamburgh, in bond, without paying duties, to be forwarded to Bandman & Co., San Francisco, was received by Probst & Co. at New York, without any information that it contained dangerous materials, and placed by that firm in the bonded warehouse at Hoboken. Probst & Co. were first informed of the character of the goods by the defendant, Burstenbinder, who called on them and communicated the information, after receiving, through Probst & Co., a closed letter from the Ham-burgh shippers, in which Burstenbinder was asked to look up the boxes. Upon learning the nature of the article inclosed in the boxes, Probst & Co., at the suggestion of Burstenbinder, offered to sell the oil to a company known as the Blasting Oil Company, which refused to purchase.

Probst & Co. refused to ship the oil to California, and the fact being reported to the shippers at Hamburgh, they directed Burstenbinder, to sell it. Meanwhile, Burstenbinder had obtained consent of the Blasting Oil Company to store the oil in its magazine, and had stored it there while awaiting directions from the shippers. Deveau, who was also a defend-ant in the action and a member of the Blasting Oil Company, had authority from Burstenbinder to sell the oil, and the sale to Mills had been spoken of between them. Deveau, in the absence of Burstenbinder from New York, sold the oil to

Mills, and shipped it to him at Los Angelos by the plaintiff's company, without notice of its character. Burstenbinder learned of the shipment on his return, and he received the payment made for it to Deveau by the agent of Mills.

*C. C. Egan,* for the appellant, contended that the venue was local in California, and the court had no jurisdiction; citing 1 Chitty Pl., 271, 284; 1 Bacon, 56; 1 Tidd., 369; 2 East, 497; 1 Sand. Pl. & E., 412; 1 Taunt., 379; 2 W. Black. R., 1070; *Doulson* v. *Matthews,* 4 Term R., 503; Cowp., 410; *Watts, admr.,* v. *Kinney,* 23 Wend., 484; id., 6 Hill, 82; Code, § 123; 2 Edmonds' R. S., 426, § 2; *Livingston* v. *Jefferson,* 1 Brockenb. R., 203; Story on Conflict of Laws, §§ 466, 554.

On the question of agency, *Laugher* v. *Pointer,* 5 Barn. & Cress., 547; *Milligan* v. *Wedge,* 12 Adol. & Ellis, 737; Story Ag., §§ 452-3-6; *Sproul* v. *Hemmingway,* 14 Pick.,; Reeve Dom. Rel., 310; *Blake* v. *Ferris,* 1 Seld., 48; *Pack* v. *The Mayor, &c.,* 8 N. Y., 222.

As to the special and limited character of the agency of Deveau, *Gibson* v. *Colt,* 7 John. R., 390; *Beals* v. *Allen,* 18 John., 363; *Rossiter* v. *Rossiter,* 8 Wend., 494; 21 N. Y., 225; *Lightbody* v. *N. A. Ins. Co.,* 23 Wend., 18; *Munn* v. *Commission Co.,* 15 John., 44; *Smith* v. *Tracy,* 36 N. Y., 81; *Mali* v. *Lord,* 39 N. Y., 381; 1 Daly, 502; 4 Greenleaf, 464.

That the principal could be only held for lawful acts of his agent, *Clark* v. *Met. Bank,* 3 Duer, 241; *Vanderbilt* v. *Richmond Turnpike Co.,* 2 N. Y., 479; *Weed* v. *Panama R. R. Co.,* 17 N. Y., 362; *Wright* v. *Wilcox,* 19 Wend., 343; *Jetter* v. *N. Y. & Harlem R. R. Co.,* 39 N. Y. [2 Keyes], 162; *Hauck* v. *Fearing,* 5 Robt., 528.

*G. W. Soren,* for the respondent, upon the question of liability for neglect to give notice, cited *Farrant* v. *Barnes,* 11 Com. B. (N. S.), 553; *Brass* v. *Maitland,* 6 El. & Bl., 489; *Thomas* v. *Winchester,* 2 Seld., 409. On the question of

defendant's liability for the neglect of his agent, Smith, Master & S. (ed. 1870), pp. 228, 251; *Weed* v. *Panama R. R. Co.*, 17 N. Y., 362; *Jeffrey* v. *Bigelow*, 13 Wend., 518; *Fuller* v. *Wilson*, 3 Q. B., 67; *Rex* v. *Gutch*, M. & M., 433; *Cooper* v. *Slade*, 6 H. Lords Cases, 746; *Rex* v. *Dixon*, 3 M. & S., 11; *Att'y-Gen'l* v. *Siddon*, 1 C. & J., 433; *Rex* v. *Almon*, 5 Burr., 2686; Dyer, 238; 12 Mod., 489.

Present—INGRAHAM, P. J., LEONARD and GILBERT, JJ.

By the Court, GILBERT, J. The verdict of the jury established the fact that Deveau was the agent of the defendant in shipping the nitro-glycerine in question, and that the same was shipped by Deveau in the due course of his business as such agent, without giving any notice to the plaintiff of the dangerous nature of the article shipped. The evidence was conflicting. The subject, however, was fairly submitted to the jury under proper instructions, and their verdict must be held conclusive. The question is whether there is an implied duty on the part of shippers of goods of this description to give notice of the dangerous nature of the goods to the shipowner or the person who receives the goods on his behalf.

We are of opinion that there is such a duty, and that the omission to perform it is an act of negligence which renders the shipper liable for the consequences.

The Courts of King's Bench and of Common Pleas, in England, have held in several instances that such a duty exists, and we think those decisions rest upon sound principle, and declare a salutary rule of law. (*Williams* v. *The E. I. Co.*, 3 East, 192; *Brass* v. *Maitland*, 6 E. & B., 470; *Farrant* v. *Barnes*, 11 C. B. [N. S.], 553; see, also, *Pierce* v. *Winsor*, 2 Sprague, 35; *Jeffrey* v. *Bigelow*, 13 Wend., 518.) A similar principle was affirmed by the Court of Appeals of this State in *Thomas* v. *Winchester* (2 Seld., 397).

The rule of law which makes a principal liable for all the negligent acts of his agent, done in the course of his ordinary employment, is too familiar and too well established to require to be supported by a citation of authorities. It was

urged that the agent's omission to give notice of the nature of the goods in this case was a criminal, or, at least, an illegal act; and that, therefore, the defendant was not liable for it. No such distinction exists. (*Thomas* v. *Winchester, supra.*) The Court of Appeals held, in that case, that, "Although the defendant may not be answerable criminally for the negligence of his agent, there can be no doubt of his liability in a civil action, in which the act of the agent is to be regarded as the act of the principal."

We think no negligence can be imputed to the plaintiff in causing the package to be opened after its arrival at San Francisco. It is true, the opening of the package was the immediate cause of the disaster, for the consequences of which the defendant is sued. But it is quite reasonable to infer that if the defendant had performed his duty, and given notice of the dangerous character of the package, a different disposition of it would have been made, and the requisite care would have been taken to prevent an explosion. It was the duty of the plaintiff to take care of the package, and, if possible, to stop the leakage of its contents. He adopted the usual method of doing this. He had no reason to apprehend any danger, nor was he warned that it was necessary to use extraordinary care in handling the package. It was the fault of the defendant that such warning was not given. Although, therefore, it was the act of the plaintiff which caused the explosion, yet, for the reasons stated, such act was not a negligent one, which disentitles him to recover. (Add. Law of Torts, 20, 21.)

There is nothing in the point that this action is local. The gravamen of it is the negligence of the defendant, whereby the plaintiff has sustained damages. Such an action in its nature is personal and transitory, and may be brought wherever the defendant can be found and served with process. The injury to real estate is only one element of the damages. Our statute applies only to causes of action arising within this State. (*Smith* v. *Bull*, 17 Wend., 323.)

We have looked into the other exceptions presented on

behalf of the defendant, but find none of them tenable.   Upon the whole case, therefore, our opinion is that the judgment should be affirmed, with costs.

Judgment affirmed.