## LOWRY v. DE CHADENEDES.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

INJUNCTION (§ 145\*)—AID OF ACTION—AFFIDAVIT.

> An injunction in aid of an action was granted upon the allegations of a complaint made wholly on information and belief and verified by the plaintiff's attorney, and the plaintiff's affidavit stated no venue and appeared to have been made outside of the state, and did not bear a certificate of the competency of the officer taking it, and was verified before an officer designating himself by a title not borne by any officer of this state. *Held*, that the injunction could not stand because there was no competent affidavit of facts to sustain it.

> [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 318; Dec. Dig. § 145.\*]

Appeal from Special Term, New York County.

Action by Walter M. Lowry against Jean B. De Chadenedes. From an order granting an injunction during the pendency of the action, the defendant appeals. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

E. Powis Jones, for appellant.
Elihu Root, Jr., for respondent.

PER CURIAM. The injunction appealed against cannot be sustained, because there is no competent affidavit of the facts to sustain it. The complaint is wholly on information and belief, and verified by one of the plaintiff's attorneys. The paper purporting to be an affidavit of plaintiff is a nullity. Not only is there no venue stated, but it appears to have been made out of the state, and the necessary certificate of competency of the officer taking it is not attached. Turtle v. Turtle, 31 App. Div. 49, 52 N. Y. Supp. 857. It appears to have been verified before a person describing himself as "Clerk Circuit Court." We are not aware of any officer in the state bearing that title. The undertaking was also irregular in form, but, if that had been the only defect, it could have been remedied by the giving of a new undertaking.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, without prejudice to its renewal upon proper papers.

---

## BRISBANE v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. COURTS (§ 7\*)—JURISDICTION—DAMAGE TO REAL PROPERTY WITHOUT THE STATE.

> An action for damages to real property outside of the state, where the gravamen of the action is negligence, is a personal action and follows the party aggrieved.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. § 14; Dec. Dig. § 7.\*]

2. COURTS (§ 14*)—JURISDICTION—ACTIONS AGAINST NONRESIDENT CORPORA-
    TIONS.
        Under the direct provisions of Code Civ. Proc. § 1780, a resident may
    maintain any action against a foreign corporation, and this right is in
    no way qualified.
        [Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. §
    14.*]

3. COURTS (§ 35*)—JURISDICTION—PRESUMPTION—COMPLAINT—JURISDICTIONAL
    FACTS.
        The Supreme Court, being a court of general jurisdiction, is presumed
    to have jurisdiction, and unless a complaint alleged that the plaintiff was
    a nonresident, then his residence would be presumed, it not being neces-
    sary that jurisdictional facts should be pleaded in that court.
        [Ed. Note.—For other cases, see Courts, Cent. Dig. § 140; Dec. Dig.
    § 35.*]

4. ABATEMENT AND REVIVAL (§ 3*)—OBJECTION TO JURISDICTION—MODE.
        Objections to jurisdiction must be made by plea in abatement, and even
    where a complaint alleges the residence of the plaintiff in this state, that
    fact cannot be put in issue by denial.
        [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§
    7, 17; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

Action by Arthur Brisbane against the Pennsylvania Railroad Com-
pany. From a judgment for defendant on demurrer to complaint,
plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
and DOWLING, JJ.

Clarence J. Shearn, for appellant.
Norman B. Beecher, for respondent.

DOWLING, J. The complaint herein sets forth that defendant
is a foreign corporation, organized under the laws of the state of
Pennsylvania, and engaged in the operation by steam of a railroad;
that plaintiff is the owner of a certain tract of land in the town of
Allaire, state of New Jersey, along and through which defendant's
said railroad runs; that on or about May 10, 1907, defendant so neg-
ligently and carelessly managed a fire which it maintained in a loco-
motive passing over said railroad, that the fire came into and upon
plaintiff's premises and burned over some 300 acres thereof, destroy-
ing the fences, timber, and growing trees thereon, to plaintiff's dam-
age in the sum of $5,000. Defendant's demurrer to this complaint
has been sustained, upon the ground "that it appears upon the face
of the complaint that the court has not jurisdiction of the subject of
the action." Two reasons are advanced as justifying this judgment:
First, that the action is one affecting real property without the state,
and therefore the courts of the state will not take jurisdiction thereof;
second, that it does not appear upon the face of the complaint that
plaintiff is a resident of this state, and therefore he does not come
within the provisions of section 1780, Code Civ. Proc., and cannot
maintain this action in this state. As to the first reason advanced, it
may be said that it has been heretofore held that in a cause of action

for damages to realty the gravamen is negligence and such an action is personal and transitory in its nature. Barney v. Burstenbinder, 7 Lans. 210. This case was cited with approval in Home Insurance Co. v. Pennsylvania Railroad Co., 11 Hun, 182, wherein this very defendant disputed the jurisdiction of the Supreme Court in an action brought to recover damages sustained by plaintiff therein through being obliged to pay a claim under its policy of fire insurance, where the loss occurred through fire communicated by sparks from defendant's locomotive to realty situated near Harrisburg, in the state of Pennsylvania. The jurisdiction was there sustained. So that it had been expressly held, in an action against a foreign corporation by a domestic corporation, that the rule requiring actions in respect to real property to be brought in the forum rei sitæ did not apply where the action was one for negligence causing injury to realty. The general provisions of the statute with respect to the place of trial referred only to such causes of action as arose within the state. Smith v. Bull, 17 Wend. 323. But apart from this, the language of the first sentence of section 1780 of the Code is direct and unequivocal:

"An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action."

The remaining sentence of that section describes the cases in which alone a foreign corporation or a nonresident may bring suit in this state, but in no way qualifies the first sentence. We are referred to no case against a foreign corporation in which the plain meaning of the first sentence has been sought to be qualified or restricted. On the contrary, that it is to be literally construed seems to be clear from the opinion of Judge Earl, in Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 323, 19 N. E. 627, 2 L. R. A. 636:

"Under this section [referring to section 1780] a resident of this state, or a domestic corporation, can maintain an action against a foreign corporation for any cause of action, no matter where it arose."

The terms of the section are again quoted in Grant v. Cananea Consolidated Copper Co., 189 N. Y. 247, 82 N. E. 191. It seems clear, therefore, that if the plaintiff is a resident of this state, the court has jurisdiction of this action. The question finally to be decided, therefore, is whether the second reason advanced for affirmance is sound, and whether the complaint was fatally defective in not setting forth plaintiff's residence, for if he was a nonresident, the action could not be maintained in this state. This question was raised in Ubart v. Baltimore & Ohio Railroad Co., 117 App. Div. 832, 102 N. Y. Supp. 1001, and it was there held that "our Supreme Court being a court of general jurisdiction its jurisdiction is presumed unless lack of jurisdiction appears on the complaint itself"; that even where the complaint alleged the residence of plaintiff in this state, no issue could be raised thereon by a mere denial, because it was an unnecessary allegation; and that the nonresidence of plaintiff was a defense which had to be pleaded as such in the answer to be put in issue. "A plea to the jurisdiction for nonresidence, or on any other question of fact, has to be made now as formerly by the defendant. The plea or defense of jurisdiction has not been abolished." Id., page 833 of 117

App. Div., page 1001 of 102 N. Y. Supp. The failure to allege that plaintiff was a resident of this state did not, therefore, justify the sustaining of the demurrer.

The final judgment appealed from must therefore be reversed, with costs, and the demurrer overruled with costs, with leave to defendant on payment thereof to serve its answer within 20 days. All concur.

PEOPLE v. BLEECKER ST. & F. F. R. CO. et al.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

1. ATTORNEY GENERAL (§ 7*)—ACTIONS—LEAVE OF COURT TO SUE.
   Where the consent of the court to the maintenance of an action by the people by the Attorney General is necessary, the consent is a condition precedent, and must be alleged and proved.
   [Ed. Note.—For other cases, see Attorney General, Cent. Dig. §§ 8–10; Dec. Dig. § 7.*]

3. STREET RAILROADS (§ 61*)—FRANCHISES—FORFEITURES.
   General Corporation Law (Consol. Laws, c. 23) § 131, re-enacted from Code Civ. Proc. § 1798, authorizing the Attorney General on leave being granted to sue a corporation to annul its existence on enumerated grounds, does not authorize an action to forfeit a franchise of a corporation to construct and operate a street railway.
   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 50–54; Dec. Dig. § 61.*]

5. QUO WARRANTO (§ 42*)—CONDITIONS PRECEDENT—LEAVE OF COURT.
   An action under Code Civ. Proc. § 1948, authorizing the Attorney General to maintain an action on his information against a person unlawfully exercising a franchise, may be maintained without leave of court.
   [Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 34; Dec. Dig. § 42.*]

6. QUO WARRANTO (§ 17*)—FORFEITURE OF FRANCHISES—ACTION—"PERSON."
   An action by the Attorney General on behalf of the people for the forfeiture of franchises of a corporation may be brought under Code Civ. Proc. § 1948, authorizing the Attorney General to maintain an action on his own information against a "person" unlawfully exercising a fran-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes