Arthur Brisbane, Respondent, *v.* Pennsylvania Railroad Company, Appellant.

Real property — jurisdiction of courts — courts of this state have no jurisdiction of an action for damages to real property lying without the state.

The courts of this state have no jurisdiction of an action for damages for injuries to real property lying without the state. This rule is not affected by the fact that the gravamen of the action to recover such damages is negligence.

*Brisbane* v. *Pennsylvania R. R. Co.*, 141 App. Div. 366, reversed.

(Argued March 19, 1912; decided May 21, 1912.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered December 2, 1910, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint and overruled such demurrer.

The complaint in this action alleges that the defendant, a foreign corporation, had so negligently and carelessly managed a fire which it intentionally kindled and maintained in a certain locomotive that it caused to pass over its railroad that the said fire came into and upon the plaintiff's premises in the town of Allaire, state of New Jersey, and burned over some three hundred acres thereof, destroying the fences, timber and growing trees thereon to the plaintiff's damage in the sum of five thousand dollars.

The defendant interposed a demurrer upon the ground that it appeared upon the face of the complaint that the court has no jurisdiction of the subject of the action, and that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. At the Special Term the demurrer was sustained, but at the Appellate Division the judgment was reversed and permission given to appeal to this court, the following questions being certified:

"1. Has the Supreme Court jurisdiction of the subject of an action brought to recover damages for negligent injuries to real property located in another state, notwithstanding that seasonable objection is raised thereto?

" 2. Does section 1780 of the Code of Civil Procedure confer jurisdiction upon the Supreme Court of the subject of an action for injuries to real property located in another state brought by a resident of New York against a foreign corporation?

" 3. Does it appear upon the face of the complaint herein that the court has not jurisdiction of the subject of the action?"

*Norman B. Beecher* and *Ray Rood Allen* for appellant. The Supreme Court has not jurisdiction of the subject of

an action brought to recover damages for negligent injury to real property located in another state, if seasonable objection is raised thereto. (*Watts* v. *Kinney*, 6 Hill, 82; *A. U. Tel. Co.* v. *Middleton*, 80 N. Y. 408; *Cragin* v. *Lovell*, 88 N. Y. 258; *Dodge* v. *Colby*, 108 N. Y. 445; *Genet* v. *D. & H. C. Co.*, 56 Hun, 640; *Mott* v. *Coddington*, 1 Abb. Pr. [N. S.] 290; *Heunermund* v. *Erie Ry. Co.*, 48 How. Pr. 55; *Warren* v. *Webb*, 1 Taunt. 379; *K. & M. B. Realty Co.* v. *Trustees*, 146 App. Div. 796; *De Breuil* v. *Penn. Co.*, 130 Ind. 137.) Section 1780 of the Code of Civil Procedure does not confer jurisdiction upon the Supreme Court of the subject of an action for injury to real property located in another state, brought by a resident of New York against a foreign corporation. (*Hann* v. *B., etc., Co.*, 7 Civ. Pro. Rep. 222; *McQueen* v. *M. Mfg. Co.*, 16 Johns. 5; *Flynn* v. *C. R. R. of N. J.*, 2 Misc. Rep. 508; *Gibbs* v. *L. Ins. Co.*, 63 N. Y. 114; *A., etc., Tel. Co.* v. *B., etc., R. R. Co.*, 14 J. & S. 377; *Ernst* v. *R., etc., Co.*, 38 App. Div. 388; *Miller* v. *Quincy*, 179 N. Y. 294; *Grant* v. *C. C. Copper Co.*, 189 N. Y. 241; *Seligman* v. *Friedlander*, 199 N. Y. 373; *Zeikus* v. *F. E. C. Ry. Co.*, 144 App. Div. 91.)

*Clarence J. Shearn* for respondent. The Supreme Court has jurisdiction of the subject of an action brought by a resident of this state against a foreign corporation to recover damages for negligent injury to real property located in another state; and section 1780 of the Code of Civil Procedure confers jurisdiction upon the Supreme Court of the subject of any action brought by a resident of New York against a foreign corporation. (*Gardiner* v. *Ogden*, 22 N. Y. 333; *Peyton* v. *Desmond*, 129 Fed. Rep. 1; *A. A. P. Co.* v. *Davis Pro. Co.*, 169 N. Y. 506, *Grant* v. *C. C. Copper Co.*, 189 N. Y. 241; *Pope* v. *T. H Mfg. Co.*, 87 N. Y. 137; *Heney* v. *Chartered Co.*, 71 Misc. Rep. 237; *Voshefsky* v. *Hillside C. & I. Co.*, 21 App. Div. 168; *Ubart* v. *B. & O. R. R. Co.*, 117 App.

28

Div. 831; *Tullock* v. *D., L. & W. R. R. Co.*, 127 N. Y. Supp. 946.)

Cullen, Ch. J. The authorities in the highest courts of this state are uniform to the effect that our courts have no jurisdiction of an action for damages for injuries to real estate lying without the state, and the latest decisions are quite recent. (*Watts' Admrs.* v. *Kinney*, 23 Wend. 484; *S. C.*, 6 Hill, 82; *American Union Tel. Co.* v. *Middleton*, 80 N. Y. 408; *Cragin* v. *Lovell*, 88 id. 258; *Dodge* v. *Colby*, 108 id. 445.) It was so held by Chief Justice Marshall in *Livingston* v. *Jefferson* (1 Brock. 203), where he decided that an action could not be maintained in Virginia for trespass upon lands in Louisiana. Such also is the rule in the great majority of the states (*Allin* v. *Conn. River Lumber Co.*, 150 Mass. 560; *Niles* v. *Howe*, 57 Vt. 388; *De Breuil* v. *Pennsylvania Co.*, 130 Ind. 137; *Eachus* v. *Illinois & M. Canal*, 17 Ill. 534; *Bettys* v. *Milwaukee & S. P. Ry. Co.*, 37 Wis. 323; Cooley on Torts [2nd ed.], p. *471), though there are some where the contrary rule prevails (*Little* v. *Chicago, S. P., M. & O. R. Co.*, [Minn.] 33 L. R. A. 423; *Holmes* v. *Barclay*, 4 La. Ann. 63), and the old law was changed in Virginia by statute. Were the question an open one, I would favor the doctrine that our courts have jurisdiction of actions to recover damages for injuries to foreign real estate. Chief Justice Marshall in *Livingston* v. *Jefferson* (*supra*) expressed his personal disapproval of the rule to which he felt bound to give effect under the authorities. In the century that has elapsed since Chief Justice Marshall's decision, all the decisions in this state which I have cited have been rendered. At this late day I think we would not be justified in overruling these cases, but should leave it to the legislature to change the rule by statute.

Nor do I see any ground on which the case before us can be distinguished from the others in this court. It is conceded that an action for trespass or trespass on the

case for injuries to foreign land cannot be maintained
here under our rule. But it is sought to take this case
without the rule on the ground that it is an action for neg-
ligence and, therefore, transitory. I understand that an
action for negligence is, or was so long as actions had
names and forms, an action of trespass on the case, and it
was for trespass on the case for injury to realty, or tres-
pass on the case for injury to the person or to personal
property, dependent on the injury for which recovery
was sought, whether to realty, personalty or the person
of the plaintiff. (Pomeroy's Code Remedies, section 20;
Tyler's Stephen on Pleadings, p. 46.) Such an action
for injury to realty was never transitory in this state,
at least until the enactment of the present Code of
Civil Procedure in 1877, since which time the rule may
be doubtful. By the Revised Statutes it was enacted
(2 R. S. 409, section 2) that actions for trespass on
lands and for trespass on the case for injury to real
estate should be tried in the county in which the subject
of the action was situated. (Graham's Pr. p. 194.)
Section 123 of the old Code of Procedure — which was
the law in force when *Barney* v. *Burstenbinder* (7 Lans.
210) and *Home Ins. Co.* v. *Penn. R. R. Co.* (11 Hun,
182) were decided — prescribed that actions for injuries
to real property must be tried in the county in which
the subject of the action was situated. Therefore, there
was no foundation for the proposition which it is con-
tended that those cases decided, that an action for dam-
ages for injuries to real estate through negligence was
transitory. I doubt very much whether the proposition
was decided or intended to be decided in the earlier case,
which was for injuries occasioned by an explosion in
California. The action was for injuries to personal as
well as to real property. It was there said that the
injury to the real estate was only an element of the dam-
age. Of course, a cause of action for injury to personal
property is transitory, and, therefore, the action could be

maintained to some extent in our courts. How, if at all, the question of the right to recover here for the injury to the real estate was raised by the defendant does not appear.

Under the present section 982 of the Code it is not entirely certain whether actions for injuries to real estate are local or transitory, but it is not necessary to consider that question, for it has been decided that it does not affect the question before us. In *Cragin* v. *Lovell* (*supra*) it was said: "It is a mistake to suppose that this rule (*i. e.*, the rule that the court had not jurisdiction of actions for injuries to foreign real estate) has been changed by section 982 of the Code. That section was not intended to define the jurisdiction of the Supreme Court, but simply to determine the place of trial of actions of which it had jurisdiction." (p. 263.)

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in both courts, with leave to the plaintiff to serve an amended complaint within twenty days on the payment of costs. The first and second questions certified should be answered in the negative and the third in the affirmative.

GRAY, J. I think that this case falls within the rule, which denies jurisdiction to our courts of actions to recover damages for an injury to real estate not situate within this state. I agree, therefore, with the chief judge that the demurrer to the complaint should be sustained. This action is like the old action of trespass on the case; where the injury is consequential, or, being direct, is the result of negligence. It was always deemed to be local in its nature and not transitory. That was the settled rule at common law, and it was early adopted and followed in the courts of this state. Under the authorities, and the chief judge has cited them, the question cannot well be regarded as an open one; or I would feel free to concur with Judge HAIGHT's opinion. Broad as is the language of section 1780 of our Code of Civil Procedure, it is, nevertheless,

concededly, restricted in its application to causes of action, which are within the jurisdiction of the court. I am not satisfied that a valid distinction is suggested in the argument that the gravamen of the action is negligence and the relief sought is a money judgment by way of damages. It is, still, an action for injury to real estate as the result of that negligence. In *Doulson* v. *Matthews*, (4 Durn. & East, 503), an action of trespass *quare clausum fregit*, it was argued without avail by ERSKINE that, because the action was to recover a satisfaction in damages and not the land, it was personal and, therefore, transitory. In *Livingston* v. *Jefferson*, (1 Brock. 203), Chief Justice MARSHALL, with reference to the distinction between local and transitory actions, said "that actions are deemed transitory, where the transactions on which they are founded, might have taken place anywhere; but are local, where their cause is in its nature, necessarily local." Chancellor WALWORTH, in *Watts' Admrs.* v. *Kinney*, (6 Hill, 82), followed *Livingston* v. *Jefferson* and repeated what the chief justice had said as to the distinction having been long before settled. It was observed by the chancellor that, although the distinction was technical, "the law was too well settled to allow it to be changed by the courts." It is significant to note, as bearing on the inflexibility of the rule, that the chancellor referred to the harshness of its working in *Livingston* v. *Jefferson*. That was an action brought in Virginia to recover for a trespass, alleged to have been committed by President Jefferson upon the plaintiff's land in New Orleans, and a demurrer to the bill was sustained. The chancellor pointed out that it was evident, if the action could not be maintained in the state of Virginia, where the venerable ex-president resided, for the alleged injury, the plaintiff was without a remedy; as it was wholly improbable that the defendant would ever visit Louisiana, or be reached by process from any court having jurisdiction of the subject-matter. I think that

the distinction in this case is to be found in the nature of the subject of the injury alleged and not in the manner in which it was done. This plaintiff's cause of action arose, and could only have arisen, at the place described in the state of New Jersey, in the result to the realty of the defendant's negligence, and I think it better to adhere to the rule that our courts could not take jurisdiction of such an action. The cases in this state, cited in the chief judge's opinion, as late as *Dodge* v. *Colby*, (108 N. Y. 445), require the application of the rule that such an action is local and not transitory.

I do not think the distinction, which is urged, that the action is for the negligence and the relief asked is a money judgment as damages, is sufficient to justify the court in departing from the settled rule.

HAIGHT, J. (dissenting). Section 1780 of the Code of Civil Procedure, so far as now material, provides as follows: "An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action." The words "for any cause of action" I think must be deemed to mean any cause of action, within the jurisdiction of the court, which the legislature has the power to confer and actually has conferred upon it. (*Ernst* v. *Rutherford & B. S. Gas Co.*, 38 App. Div. 388.) It is contended that the legislature has no power to give the courts of this state jurisdiction to adjudicate with reference to the title and injury to lands in another state which are subject to the jurisdiction of the courts of such state. I think it must be conceded that a question as to title of real estate and injuries thereto, either by trespass on the case or trespass *quare clausum fregit* must be deemed to be local, and that the rights of the parties must be determined in the *forum rei sitæ*. (Story on Conflict of Laws, § 554; *Watts' Admrs.* v. *Kinney*, 23 Wend. 484; *Am. Union Tel. Co.* v. *Middleton*, 80 N. Y.

408; *Cragin* v. *Lovell*, 88 id. 258; *Dodge* v. *Colby,* 108 id. 445; *Sentenis* v. *Ladew,* 140 id. 463; *Ernst* v. *Rutherford & B. S. Gas Co., supra.*)   In the last case cited our present chief judge stated with reference to the provisions of section 1780 of the Code: "We do not suppose that it is intended by this section of the Code to give our courts any greater jurisdiction in the case of actions against foreign corporations than they have against natural persons," and "In that case the action was substantially to restrain a trespass upon real estate without this state, and it was settled law even in the case of natural persons that the courts of this state have no jurisdiction in actions for trespass upon lands situated in other states." (p. 391.)

I am, however, of the opinion that this case is distinguishable.   As we have seen, the complaint charges negligence.   The defendant is a foreign corporation, operating a railroad through lands of the plaintiff.   The locomotive from which the spark of fire was emitted was operated over the defendant's own right of way where it had the right to run its locomotive and train and no claim is made that it in any way ran upon or trespassed upon the plaintiff's lands.   That which the defendant did was to negligently run a locomotive which was defective and permitted the emission of sparks or coals of fire which by reason of the wind or currents of air were carried over upon the lands of the plaintiff, igniting the combustible material thereon and starting the fire complained of.   The negligent running of the defective locomotive was the proximate cause, the blowing of the coals of fire over on to the lands of the plaintiff the intermediate agency, and the kindling of the fire the resultant cause.   It, therefore, appears that the gravamen of the action was the negligence above alluded to, that the injury to the realty was the culminating consequence of such negligence and that the right to recover damages was dependent on the establishing of such negligence.

In cases where the gravamen of the action is negligence and the relief sought is the recovery of a sum of money as damages, I think the action is personal and transitory and may be maintained whenever the courts have jurisdiction of the subject-matter and have acquired jurisdiction of the person charged with the negligence.

In the case of *Home Insurance Company* v. *Pennsylvania Railroad Company* (11 Hun, 182) the defendant was charged with negligence in setting a fire by the emission of sparks from a locomotive which resulted in the burning of a barn for which the plaintiff, an insurance company, had been compelled to pay the losses sustained by the owner. The insurance company then brought action against the defendant charging negligence. The barn was in the state of Pennsylvania and the action was brought in this state. In that case BRADY, J., in delivering the opinion of the court, said "That the gravamen of the action was negligence and actions of that character are personal and transitory." In the case of *Barney* v. *Burstenbinder* (7 Lans. 210) the action was for negligence resulting in the explosion of nitroglycerine which damaged real estate in California. It was held that the action was personal and transitory, and could, therefore, be maintained in the courts of this state. In *Robinson* v. *Oceanic Steam Navigation Company* (112 N. Y. 315) the action was brought in this state to recover damages for wrongfully and negligently causing the death of plaintiff's intestate within the territorial limits of the United Kingdom of Great Britain and Ireland. In that case the plaintiff was not a resident of this state and the case was, therefore, not brought within the provisions of section 1780 of the Code to which we have alluded. For that reason it was held that, although the action was transitory and could have been maintained by a resident, it could not be maintained here by a non-resident, thus following *Smith* v. *Bull* (17 Wend. 323). It is true that in the last two cases cited

the claims were for personal injuries, but the basis upon which the action was prosecuted was that of negligence and no recovery could have been had without establishing that charge. For this reason they were held to be transitory. The same view is true with reference to actions for negligence, in which damage to property has resulted, in which the right to recover is dependent upon the proof of negligence. At common law and under some provisions of statutes actions of ejectment or trespass upon real estate were deemed local and could only be maintained in the place where the real estate was situate. On the other hand, a right of action based upon negligence was never considered to be local, but instead, has been regarded as transitory and the injuries resulting from such negligence to the person or property only bore, or were considered, upon the question of damages.

The complaint in this action did not state that the plaintiff was a resident. The Appellate Division held that the Supreme Court, being a court of general jurisdiction, would assume that he was a resident unless the question was raised by the answer; that it could not be raised by a demurrer. Apparently, this disposition of the question has been acquiesced in by the defendant, for it has not been certified to us as a question which we are called upon to review.

The order of the Appellate Division should be affirmed, with costs, but with leave to the defendant to withdraw the demurrer and serve its answer within twenty days upon payment of the costs accrued. The first question should be answered in the affirmative; the third in the negative, and inasmuch as the second question pertains to an action for injury to real property and not negligence, it is not material, and, therefore, not answered.

WILLARD BARTLETT and COLLIN, JJ., concur with CULLEN, Ch. J., and GRAY, J.; HISCOCK and CHASE, JJ., concur with HAIGHT, J.

Order of Appellate Division reversed and judgment of

Special Term affirmed, with costs in both courts, with leave to serve amended complaint within twenty days on payment of costs. First and second questions certified answered in the negative. Third question certified answered in the affirmative.