## Baier et ux. v. Sprague & Henwood, Inc.

*Nicholas Dano*, for plaintiffs.
*F. J. Scott*, for defendant.

LEWIS, J., July 21, 1937.—This is a suit in trespass. The summons was duly served upon defendant at its principal place of business in Lackawanna County. Afterwards the plaintiffs' statement was filed. Immediately upon the filing of plaintiffs' statement, defendant obtained a rule to show cause why the action should not be dismissed and the service of the summons set aside.

The plaintiffs' claim sets forth the ownership by plaintiffs, husband and wife, of certain land in the City of Wilkes-Barre, County of Luzerne, improved with a dwelling; that defendant by its agents and employes damaged said dwelling by setting off explosives on or beneath the ground, which cracked and broke the walls of the said dwelling, and that as a result thereof the plaintiffs sustained damages in the sum of $10,000.

The defendant's motion is founded upon the Act of March 5, 1925, P. L. 23, 12 PS §672, which provides that preliminary questions may be raised as to the jurisdiction in the first instance, and that such procedure shall be deemed de bene esse and shall not operate as a general appearance.

The cause of action made by the plaintiffs' statement is one for injuries to land situate in Luzerne County resulting from acts done by the defendant in Luzerne County. We are asked by plaintiffs to overrule the common-law rule as to jurisdiction.

Generally most torts may be committed in any country or town or on the high seas, but an action in ejectment or trespass to real estate must be brought in the county where the property is located. From this difference in the nature of the case results a distinction between actions which are local, and therefore must be brought in the jurisdiction where certain things exist, and actions which are transitory, that is, which may be brought in any jurisdiction without regard to the place where the action sued upon occurred. For example, an action of ejectment cannot effectively be brought except in a court having jurisdiction of the land sued for, since no other court could give possession to the party entitled. Upon the same principle, it is generally determined that all actions for damage to real property, as by trespass, nuisance, or negligence, are local in nature and cannot be maintained in any court whose territorial jurisdiction does not extend over the place where the property is located. This was decided in the early case of Oliphant v. Smith, 3 P. & W.

180. Upon research we do not find that this authority was ever overruled in the Commonwealth of Pennsylvania.

Upon examination of the law in other jurisdictions, we find the famous case of Livingston v. Jefferson, 15 Fed. Cas. 660, no. 8411, United States Circuit Court, Virginia, 1811, where Thomas Jefferson, then President of the United States, ordered a United States marshal at New Orleans to tear down a batture and take possession of the shore in front of the village of St. Mary. The United States marshal did take possession of the same with the aid of a military force. Livingston was dispossessed, his workmen were driven off, large quantities of the soil were afterwards dug from the batture and carried away and, the levee being unfinished, the land was left without protection against the river and was greatly damaged by the next spring freshet. That occurred in January 1808. In March of 1809, after Mr. Jefferson's term of office expired and he resumed his residence upon his estate at Monticello in Virginia, Livingston sought to obtain redress for the expulsion from the batture. Suit was brought against the former President in the Circuit Court of the United States for the District of Virginia, a court which sat at Richmond and whose local jurisdiction was limited by the boundaries of the State. The action was trespass quare clausum fregit. The defendant filed under the old common-law pleadings a demurrer. The ground of such demurrer was as follows:

". . . are not situate, lying, and being within the Virginia district, or within the jurisdiction of this court, but are situate, lying and being in the territory of the United States of America, called the 'Territory of Orleans.'"

The cause came to trial before Chief Justice Marshall. The chief justice dismissed the action for the reason that the same was a local action, and held that the action was not transitory.

The next case we find is McKenna v. Fisk, 1 How. (42 U. S.) 241, 11 L. Ed. 117 (Supreme Court of the

United States, 1843). Again the Supreme Court of the United States dismissed the action for the reason that the action was local.

In the recent case of Van Ommen v. Hageman, 100 N. J. L. 224, 126 Atl. 468 (Supreme Court of New Jersey, 1924), which was an action of trespass for injury to the plaintiff's real estate, Minturn, J., said:

"We consider it immaterial in what capacity the plaintiff holds an interest in the realty; the action, in so far as damages are claimed for the repairs and the loss of use of the building, is one for injury to realty in another jurisdiction, and is therefore local in character, over which the trial court has no jurisdiction."

To the same effect we find it was declared in New York that an action against a railroad company for negligently setting fire to and damaging plaintiff's real property situate in New Jersey, notwithstanding the allegation of negligence, was nevertheless at common law an action of trespass on the case for injury to real property and was therefore not maintainable in the courts of New York: Brisbane v. Pennsylvania R. R. Co., 205 N. Y. 431, 98 N. E. 752.

And so we can continue to multiply authorities in other jurisdictions to the same effect.

Counsel for both sides have called the court's attention to the case of Brown et al. v. Personeni, 326 Pa. 190 (May 17, 1937). We deem that case is not an authority on the question involved here. All that the Brown case decided was that a starting of a suit in a county where the land is situate, and the securing of service on defendant by deputization of the sheriff of the county where defendant is domiciled is proper. If anything, it rather supports the position of defendant in the present motion.

In the recent case of Williams et ux. v. Meredith, 326 Pa. 570, decided by the Supreme Court by Kephart, C. J., on June 25, 1937, the court stated:

"The venue and service must be that permitted by the common law except as changed by statute."

This quotation being the last utterance of the Supreme Court of Pennsylvania upon the subject, we are not prepared to change the common-law rule as to venue in cases of trespass to real estate, in the absence of any statute.

We, therefore, make the following order:

Now, July 21, 1937, the rule to show cause why the action should not be dismissed is made absolute, and the service of summons upon the defendant is hereby set aside.